Patrick TOBEL and Patricia Tobel,
Plaintiffs–Appellants,

v.

CITY OF HAMMOND, a municipal corporation; Thomas Textor, and Unknown Police Officers, Defendants–Appellees.

No. 96–1381.

United States Court of Appeals,
Seventh Circuit.

Argued May 28, 1996.

Decided Aug. 28, 1996.

John C. Lorenzen (argued), Anthony L. Russo, Susan Turgut, Oak Brook, IL, for Plaintiffs-Appellants.

Alfred R. Uzis (argued), Richard P. Komyatte, Komyatte & Freeland, Highland, IN, for Defendants-Appellees.

Before CUMMINGS, ESCHBACH, and DIANE P. WOOD, Circuit Judges.

ESCHBACH, Circuit Judge.

Plaintiffs-appellants Patrick and Patricia Tobel ("plaintiffs") appeal from the district court's denial of their motion to vacate a judgment for defendants-appellants City of Hammond, Thomas Textor, and unknown police officers (the "defendants"). Plaintiffs admit that judgment was entered against them because they did not apprise themselves of Local Rule 7.1(a) and therefore failed to respond to defendants-appellants' motion for judgment on the pleadings as required by that rule. Because we find that the district court did not abuse its discretion, we affirm the district court's denial of plaintiffs' motion to vacate.

Plaintiffs filed a complaint on March 13, 1995, against defendants alleging police brutality and violation of civil rights under 42 U.S.C. § 1983 and Indiana common law. At the same time, plaintiffs also filed a motion for plaintiffs' attorneys, Anthony Russo, John Lorenzen, and Susan Turgut, to appear *pro hac vice* in the District Court for the Northern District of Indiana on behalf of plaintiffs. Plaintiffs' attorneys' law firm is located in Oak Brook, Illinois. The district court issued its first order in this case on March 30, 1995, ordering counsel to meet and file a joint report. In that order, the court warned counsel that it would enforce strictly the provisions of its Local Rules and the Federal Rules of Civil Procedure. The district court again referenced its Local Rules on April 18, 1995, when it granted the motion for admission *pro hac vice* pursuant to rule 83.5(b)(c) of the Local Rules.

On May 5, 1995, defendants filed an answer to the complaint. Defendants filed a Motion for Judgment On the Pleadings (the "JOP motion") together with a memorandum in support thereof on July 26, 1995. The JOP motion did not contain a notice of motion or a hearing date. The Local Rules for the Northern District of Indiana do not require this information because the Local Rules set up an automatic briefing schedule upon the filing of a motion; no notice of motion is required. Rule 7.1 of the Local Rules states:

> A motion to dismiss under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, for summary judgment, [or] for judgment on the pleadings ... shall be accompanied by a separate supporting brief. Unless the court otherwise directs, an adverse party shall have fifteen (15) days after service of the initial brief *in which to serve and file an answer brief,* and the moving party shall have seven (7) days after service of the answer brief in which to serve and file a reply brief.... *Failure to file an answer brief or reply brief may subject the motion to summary ruling.*

*Local Rule* 7.1(a) (emphases added). On December 12, 1995, the district court granted defendants' JOP motion and entered judgment for defendants.

Plaintiffs subsequently filed a motion to vacate the district court's order of December 12, 1995, and an accompanying affidavit. Defendants filed a response in opposition with an accompanying affidavit. These motions and the accompanying affidavits set the stage for this appeal. In their motion to vacate, plaintiffs asked the court to grant relief from its entry of judgment based on allegations of misrepresentations by defendants' counsel. Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, a district court may grant relief from judgment by motion for a number of reasons, including the following: mistake, inadvertence, surprise, or excusable neglect; fraud, misrepresentation or other misconduct by an adverse party; or for any other reason justifying relief from judgment. *See* Fed. R.Civ.P. 60(b).

█ Plaintiffs' lawyers, who are from Illinois, admit that they were not aware of Local Rule 7.1. Plaintiffs therefore did not respond to defendants' JOP motion. Plaintiffs argue, nevertheless, that they were entitled

to relief from judgment because defendant's attorney allegedly misrepresented his intentions with respect to the JOP Motion. Plaintiffs' attorney, Lorenzen, filed an affidavit with plaintiffs' motion to vacate. Lorenzen alleges that he called Defendants' attorney, Uzis, and asked him why the JOP motion was filed but did not contain a notice of motion or a hearing date. Uzis allegedly responded that "he merely wished to protect his client and get this motion on file. Mr. Uzis further stated that he would not pursue this motion, briefing was not necessary, and we could proceed with discovery." Based on Lorenzen's recollection of that conversation, plaintiffs now argue that defendants' counsel "misrepresented" his intentions and deliberately misled plaintiffs' counsel by failing to advise plaintiffs' counsel to check the local rules. Plaintiffs' aspersions are cast in these terms in their appellate brief:

> Defendants' counsel's response that he simply wanted the motion on file and would not be pursuing the motion which seemed to be a reasonable explanation for the missing notice of motion, was a direct misrepresentation of the unique local rule and Defendants' counsel's actual intentions.

■ Relief under Rule 60(b) is an extraordinary remedy that is granted only in exceptional circumstances. *Dickerson v. Board of Education of Ford Heights,* 32 F.3d 1114, 1116 (7th Cir.1994). A district court's decision to grant or deny Rule 60(b) relief is entitled to great deference, and we review the district court's decision for abuse of discretion. *Mares v. Busby,* 34 F.3d 533 (7th Cir.1994). We will find that a district court has abused its discretion only if no reasonable person could agree with the district court. *Jones v. Phipps,* 39 F.3d 158, 162 (7th Cir.1994).

■ In reviewing the evidence to determine whether the district court's denial constituted an abuse of discretion, we must accept as true the movant's undenied allegations. *Lonsdorf v. Seefeldt,* 47 F.3d 893, 897 (7th Cir.1995). In the instant case, however, the allegations in plaintiffs' counsel's affidavit are directly contradicted by Uzis's affidavit. In particular, Uzis stated

that he did not tell Lorenzen that he would not pursue the motion or that briefing was not necessary.

> Affiant would not have said he would not pursue Defendants' motion, *first,* because he is not the lead counsel in the case and it would be beyond his authority to make that kind of decision, particularly since [another attorney] signed the motion, *second,* because it would be contradictory to allegedly tell Mr. Lorenzen that the motion was filed to protect the client and then to allegedly tell him the motion would not be pursued, *third,* because Affiant is cognizant of the obligations imposed by Rule 11 of the Federal Rules of Civil Procedure and would not knowingly affix his signature to a supporting memorandum arguing in favor of Defendants' motion unless the motion was worth pursuing in good faith, and *fourth,* because it is simply contrary to common sense to file a motion having good grounds to support it and then to say it will not be pursued for no apparent reason.

*Affidavit of Alfred Uzis.* We cannot say, therefore, that the district court abused its discretion.

■ Furthermore, even if we assume that Lorenzen's recollection is completely accurate and Uzis's recollection is inaccurate, it was not an abuse of discretion for the district court to deny plaintiffs' motion to vacate. Rule 60(b)(3) allows a court to grant relief from a judgment by motion in the case of "fraud, misrepresentation, or other misconduct of an adverse party. . . ." Fed.R.Civ.P. 60(b)(3). This court has stated:

> In order to obtain relief under Fed. R.Civ.P. 60(b)(3), the movant must prove that: (1) the party maintained a meritorious claim at trial; and (2) because of the fraud, misrepresentation, or misconduct of the adverse party; (3) the party was prevented from fully and fairly presenting its case at trial.

*Lonsdorf,* 47 F.3d at 897. Plaintiffs' lawyers admit that they were not aware of the Local Rule. This is the end of the matter because the district court clearly has authority to enforce strictly its Local Rules, even if a default results. *Waldridge v. American*

*Hoechst Corp.,* 24 F.3d 918, 922–24 (7th Cir. 1994). Counsel's negligence was the cause of plaintiffs' failure to respond to the JOP motion and thus prevented plaintiffs presenting their case at trial. *See Dickerson,* 32 F.3d at 1118 (counsel's negligence is not a ground for Rule 60(b) relief); *Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 357 (5th Cir.1993).

The district court's decision is AFFIRMED.