132 F.3d 36
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gloria K. O'SHELL, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF THE AIR FORCE, et al.,
Defendants-Appellees.
 No. 97-2470.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 17, 1997.*
Decided Dec. 30, 1997.
Rehearing Denied March 9, 1998.
 
 Before FLAUM, RIPPLE and WOOD, Circuit Judge.
 
 ORDER
 
 1
 On May 17, 1990. Gloria K. O'Shell commenced an action alleging that a number of defendants. all of whom bear some connection to the United States Army,[1] discriminated against her on the basis of her gender. On April 3, 1992, the district court dismissed O'Shell's case without prejudice for failure to prosecute. pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Ten months later, O'Shell filed numerous motions, including a motion for relief from the district court's order of dismissal, which the district court construed as a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The district court denied O'Shell's Rule 60(b) motion and she appeals. We affirm.
 
 
 2
 The district court dismissed O'Shell's case for failure to prosecute because she exhibited a pattern of failing to comply with district court deadlines. O'Shell failed to meet filing deadlines, failed to attend a pre-trial conference, and did not respond to an Order to Show Cause, which gave her 30 days to explain why her action should not be dismissed. Prior to the dismissal, the district court issued two orders warning explicitly that if she failed to respond to the court's orders her case might be dismissed with prejudice.[2] After O'Shell failed to respond to the Order to Show Cause, the district court dismissed her case without prejudice.
 
 
 3
 The district court explained that it denied O'Shell's Rule 60(b) motion for relief from judgment because she had failed to satisfy any of the criteria identified in the rule. Rule 60(b) permits a party to seek relief from a final judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or other justifying reason.
 
 
 4
 "A trial court's decision to deny Rule 60(b) relief 'is entitled to great deference,' and is reviewed under the abuse of discretion standard." Robb v. Norfolk & Western Ry. Co., 122 F.3d 354, 357 (7th Cir.1997) (quoting Tobel v. City of Hammond, 94 F.3d 360, 362 (7th Cir.1996)). "We will find that a district court has abused its discretion only if no reasonable person could agree with the district court." Tobel, 94 F.3d at 362: "Because we are limited to the question of whether a district court's Rule 60(b) determination involved an abuse of discretion, we do not review the merits of the underlying judgment, and our review is far narrower than it would be on direct appeal." Provident Sav. Bank v. Popovich, 71 F.3d 696, 698 (7th Cir.1995). "Relief under Rule 60(b) 'is an extraordinary remedy and is granted only in exceptional circumstances.' " United States v. 8136 S. Dobson Street, 125 F.3d 1076, 1082 (7th Cir.1997) (quoting Dickerson v. Board of Educ., 32 F.3d 1114, 1116 (7th Cir.1994) (citations and internal quotations omitted)). O'Shell asserts that she was entitled to relief under Rule 60(b) because of excusable neglect, misconduct on the part of her former attorney and the United States Attorney representing the defendants. and the district court's failure to treat her like a typical pro se litigant.
 
 
 5
 O'Shell argues that she could not meet the district court's deadlines because her time was consumed by the administrative proceedings that the defendants had commenced against her in relation to her numerous claims of discrimination. She also states that she lacked adequate time to respond to the deadlines because she was experiencing stress from the loss of her job, withdrawal of her attorney, and search for new employment. Additionally. O'Shell asserts that she did not respond to the Order to Show Cause because the notice of the order sent to her got mixed up with one of her tenant's junk mail.
 
 
 6
 If O'Shell faced pressing deadlines in the administrative proceedings against her, she could have informed the district court of these proceedings and requested an extension or formal stay until the conclusion of the administrative proceedings. O'Shell made no such request to the district court. O'Shell's decision to forgo compliance with the district court's deadlines while she dealt with the administrative proceedings does not rise to an "exceptional circumstance" that requires reversal of the district court's denial of her Rule 60(b) motion. "[W]here a party willfully, albeit through ignorance or carelessness, abdicates its responsibilities, relief from judgment under Rule 60(b) is not warranted." Zuelzke Tool & Engineering Co., Inc. v. Anderson Die Castings, Inc., 925 F.2d 226, 229 (7th Cir.1991).
 
 
 7
 O'Shell next argues that defense counsel and her attorney committed misconduct in violation of Indiana's Rules of Professional Conduct by failing to inform the district court judge of the pending administrative proceedings. This argument is unconvincing. "[T]he pro se status of an opponent does not impose any special duty on a litigant." Provident Sav. Bank, 71 F.3d at 699. It was O'Shell who bore the burden of informing the district court why she could not comply with the deadlines. O'Shell also asserts that the defendants' purpose in commencing additional administrative proceedings against her was to obstruct her from meeting the district court's deadlines. However, O'Shell fails to identify any facts that support her claim that the defendants acted unlawfully in filing administrative proceedings.
 
 
 8
 In an attempt to support her assertion that the district court abused its discretion in denying her Rule 60(b) motion. O'Shell states that the district court improperly recognized that she was a licensed attorney and treated her differently than a typical pro se litigant. This argument is unavailing because we have noted that "[w]hile we treat pro se litigants gently, a pro se attorney is not entitled to special treatment." Lockhart v. Sullivan, 925 F.2d 214, 216 n. 1 (7th Cir.1991).
 
 
 9
 O'Shell raises for the first time in this appeal that she is entitled to relief because the district court dismissed her underlying claim "without prejudice." This issue is waived as it was not presented to the district court. Oates v. Discovery Zone, 116 F.3d 1161, 1168 (7th Cir.1997); Beshear v. Weinzapfel, 474 F.2d 127, 133 (7th Cir.1973). Additionally, O'Shell raises several issues that relate to the dismissal of her cause of action; however, on review of the denial of a Rule 60(b) motion we do not review the merits of the underlying claim. Provident Sav. Bank, 71 F.3d at 698. Lastly. O'Shell's argument that the district court improperly denied her request to amend or supplement her claims with a 118 page "Supplemented Verified Amended Complaint" is without merit. Vicom, Inc. v. Harbridge Merchant Services, Inc., 20 F.3d 771, 784-85 (7th Cir.1994) (a plaintiff generally must succeed in setting aside the judgment before seeking leave to amend the complaint).
 
 
 10
 O'Shell failed to demonstrate an "exceptional circumstance" that would entitle her to relief from the district court's judgment. Therefore, the district court did not abuse its discretion in denying her Rule 60(b) motion.
 
 
 11
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 She included claims against the Departments of the Army and Air Force, the National Guard Bureau, the United States Army Finance and Accounting Center, the United States Army Civilian Appellate Review Agency, and fifteen individual defendants. Pursuant to a motion by the defendants, the district court dismissed all of the claims against all of the defendants except O'Shell's claim against the Secretary of the Army under Title VII of the Civil Rights Act of 1964
 
 
 [2]
 Although O'Shell was represented by counsel at the time of the first order, her counsel had filed a motion to withdraw. The court granted counsel's motion to withdraw shortly after the issuance of the first warning. The withdrawal of counsel did not excuse O'Shell's failure to meet or respond to the district court's deadlines because both orders were served upon O'Shell and set deadlines after the date of counsel's withdrawal. Moreover, O'Shell was a licensed attorney at that time