**In re Barbara J. FIRRONE, Debtor.**

**No. 99 B 27908.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Oct. 27, 2000.

Chester Foster, Foster & Kallen, Chicago, IL, for Debtor.

Robert B. Katz, Interim Trustee, Chicago, IL, for Interim Trustee.

Richard Friedman, Chicago, IL, for U.S. Trustee.

### MEMORANDUM OPINION

RONALD BARLIANT, Bankruptcy Judge.

The United States Trustee (UST) brings this motion to reopen the Debtor's dismissed bankruptcy case or, in the alternative, to vacate the dismissal of the bankruptcy case, and for the appointment of a chapter 7 trustee. The Debtor objects to the motion arguing that a dismissed case cannot be reopened, that the UST is precluded from raising issues which could have been raised when the chapter 7 trustee moved to dismiss the bankruptcy case, and that reopening the case will cause undue hardship to the Debtor. For the reasons stated below, the UST's motion is granted.

### FACTS

The Debtor filed this chapter 7 petition on September 9, 1999. The Debtor's father passed away on October 1. The first meeting of creditors was scheduled for October 7; however, the Debtor failed to appear. On October 12, Trustee Robert B. Katz filed a motion to dismiss the instant bankruptcy due to the Debtor's failure to

appear. The case was dismissed on November 9 and closed on November 16, 1999.

On February 22, 2000, the Debtor disclaimed the inheritance to which she was otherwise entitled under her father's will.[1] This disclaimer was filed with the probate court on March 13. The next day, March 14, the Debtor filed a second bankruptcy petition. Eugene Crane, the chapter 7 trustee appointed in the second bankruptcy, was not made aware of the existence of the inheritance or the disclaimer until June 13, when the Debtor appeared at the meeting of creditors and disclosed the disclaimer to Trustee Crane.[2] On June 27, Trustee Crane filed a motion to stay the entry of the discharge in the second case, but the motion was denied as untimely. On August 1, the UST filed the instant motion.

## DISCUSSION [3]

Although the parties debate whether a dismissed case can be reopened under 11 U.S.C. § 350(b),[4] the critical issue is whether the order of dismissal should be vacated. Fed.R.Civ.P. 60(b) (applicable here under Fed. R. Bankr.P. 9024), provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect ... (3) fraud (whether heretofore denom-

inated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.... The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed.R.Civ.P. Rule 60(b). Although relief under Rule 60(b) is discretionary with the court, it is considered an extraordinary remedy that is granted only where the circumstances warrant. *Tobel v. City of Hammond*, 94 F.3d 360, 362 (7th Cir.1996) (citing *Dickerson v. Board of Education of Ford Heights*, 32 F.3d 1114, 1116 (7th Cir. 1994)). As discussed below, sufficient grounds exist under Rule 60(b)(3) to vacate the order of dismissal.

The Seventh Circuit has endorsed a three-part test for determining whether an order should be vacated under 60(b)(3): (1) the party maintained a meritorious claim (2) but due to the fraud, misrepresentation, or misconduct of the adverse party (3) was unable to fully and fairly present its case. *Tobel*, 94 F.3d at 362 (citing *Lonsdorf v. Seefeldt*, 47 F.3d 893, 897 (7th Cir.1995)).

Rule 60(b)(3) relief does not require a showing of actual fraud. Rule 60(b)(3) "misconduct" includes withholding information that one is obliged to disclose. *Harris v. Mapp*, 719 F.Supp. 1317, 1324 (E.D.Va.1989), *aff'd*, 907 F.2d 1138 (4th Cir.1990) (withholding discovery information may be grounds for relief under Rule 60(b)(3)). *See also Rozier v. Ford Motor*

---

**1.** It should be noted that the copy of the disclaimer presented in connection with this motion is neither dated nor notarized. On March 2, 2000, the Debtor was served with what she believed was the first of many creditor lawsuits. The Debtor subsequently filed her disclaimer with the probate court and, the next day, filed bankruptcy.

**2.** The Debtor failed to appear at the meeting of creditors and the first continued meeting in

her second bankruptcy. She appeared at a subsequent continuation on June 13, 2000.

**3.** This matter is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), as it involves the administration of the estate.

**4.** Unless otherwise indicated, all further statutory references are to the United States Bankruptcy Code, 11 U.S.C. § 101, et seq.

*Company,* 573 F.2d 1332, 1339 (5th Cir. 1978); *Loyd v. Rubin,* 1999 WL 1204484, * 4 (N.D.Tex.1999); *Montgomery v. Hall,* 592 F.2d 278, 279 (5th Cir.1979); *Stridiron v. Stridiron,* 698 F.2d 204, 207 (3rd Cir. 1983). Relief may be granted "regardless of 'whether [the adverse party acted with] evil, innocent or careless, purpose.'" *Rally Manufacturing, Inc. v. Mr. Gasket Company,* 1992 WL 211010, *5 (S.D.Fla.1992). The issue is whether the adverse party's conduct "prevented the [moving] party from fully and fairly presenting his case or defense." *Rozier,* 573 F.2d at 1339.

It is clear that Trustee Katz, as the representative of the Debtor's estate, had a claim to the proceeds of the Debtor's inheritance and a reason to proceed with the administration of the case. Section 541 includes as property of the estate:

> [a]ny interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within the 180 days after such date by bequest, devise, or inheritance.

11 U.S.C. § 541(a)(5)(A). A debtor becomes entitled to acquire an inheritance upon the death of the testator. *Matter of Chenoweth,* 3 F.3d 1111, 1113 (7th Cir. 1993). Thus, in this case, the Debtor's interest in her father's probate estate became property of her bankruptcy estate on October 1, 1999, well within the 180 day period prescribed by § 541(a)(5).

Furthermore, the Debtor had a continuing duty to disclose this interest to Trustee Katz. Rule 1007(h) provides:

> If, as provided by § 541(a)(5) of the Code, the debtor acquires or becomes entitled to acquire any interest in property, the debtor shall within 10 days after the information comes to the debtor's knowledge or within such further time the court may allow, file a supple-

mental schedule in the chapter 7 liquidation case.... The duty to file a supplemental schedule in accordance with this subdivision continues notwithstanding the closing of the case....

Fed. R. Bankr.P. 1007(h). There is no question that the Debtor had an obligation to inform Trustee Katz of her interest in her father's estate, and there is no question that her failure to disclose, whether intentional or inadvertent, was a breach of that obligation that prevented the trustee from administering the estate.

The Debtor argues that relief under Rule 60(b)(3) is not appropriate because she did not intentionally conceal the existence of her interest in her father's estate. Rather, her failure to fulfill her duty to amend her schedules was due to her attorney's lack of knowledge of the requirements of Rule 1007(h). As noted, however, "misconduct" that warrants Rule 60 relief need not be intentional. Moreover, the Debtor admits that her lawyer reviewed § 521. Subparagraphs (3) and (4) of that section require a debtor to "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties" and to "surrender to the trustee all property of the estate and any recorded information ... relating to property of the estate...." Those statutory provisions, even without consideration of the Rule, should have alerted the Debtor to her duty to disclose the inheritance.

■ It is fundamental that the duty to provide the Trustee with information concerning the bankruptcy estate rests primarily with the Debtor. "A trustee should not be required to drag information from a reluctant and uncooperative debtor, nor should a trustee be compelled to reconstruct a debtor's transactions in order to ascertain a debtor's financial condition." *In re Carlson,* 231 B.R. 640, 654–55 (Bankr.N.D.Ill.1999), aff'd. 250 B.R. 366 (N.D.Ill.2000) (citations omitted). *See also*

*United States v. Ellis,* 50 F.3d 419, 423–24 (7th Cir.1995), *cert. denied,* 516 U.S. 849, 116 S.Ct. 143, 133 L.Ed.2d 89 (1995) (creditors have a right to be supplied with dependable and reliable information concerning a debtor's financial history and should not be forced to undertake an independent investigation of a debtor's affairs); *In re Tully,* 818 F.2d 106, 110 (1st Cir.1987) (successful functioning of bankruptcy system hinges upon debtor's veracity and willingness to make full disclosure).

Indeed, the argument made by the Debtor attempts to reduce a bankruptcy debtor's duty of disclosure to a technicality. It is not. Rather, it is one of the most important requirements imposed upon debtors.

> [The bankruptcy code is] designed to insure that complete, truthful, and reliable information is put forward at the outset of the proceedings, so that decisions can be made by the parties in interest based on fact rather than fiction. As we have stated, "[t]he successful functioning of the bankruptcy act hinges both upon the bankrupt's veracity and his willingness to make a full disclosure." Neither the trustee nor the creditors should be required to engage in a laborious tug-of-war to drag the simple truth into the glare of daylight.

*Tully,* 818 F.2d at 110.

Finally, there is no question that the Debtor's breach placed Trustee Katz at an unfair disadvantage. Because the Debtor failed to fully disclose all information concerning her assets, both Trustee Katz and the court were prevented from fully and

fairly determining whether dismissal was an appropriate course of conduct. It appears likely that had the Debtor disclosed the existence of her interest in her father's estate, the Trustee would have withdrawn his motion to dismiss.[5]

■ The Debtor also argues that the principles of res judicata bar the reopening of the initial bankruptcy case. Where proper grounds exist to vacate a judgment under Rule 60(b), however, res judicata does not apply.

> It is a hackneyed truism that res judicata does not preclude a litigant from making a direct attack upon the judgment before the court which renders it. In other words, a party may introduce evidence, normally extrinsic in nature, with the direct and primary objective of modifying, setting aside, canceling or vacating, or enjoining the enforcement of the judgment.

*Harduvel v. General Dynamics Corp.,* 801 F.Supp. 597, 601 (M.D.Fla.1992) (citations omitted); *see also, Woodrum v. Southern Ry. Co.,* 750 F.2d 876, 883 (11th Cir.1985) (effect of Rule 60(b) is to lift bar of res judicata); *Jordon v. Gilligan,* 500 F.2d 701, 710 (6th Cir.1974), *cert. denied,* 421 U.S. 991, 95 S.Ct. 1996, 44 L.Ed.2d 481 (1975).

The Debtor last argues that reopening this case would create an undue hardship on her and the other beneficiaries of her father's estate and would expose the Debtor to potential liability in that the other beneficiaries might have to disgorge the portion of the probate estate that they received by virtue of the Debtor's disclaim-

---

5. The Debtor states that had Trustee Katz withdrawn his motion to dismiss, the Debtor would have moved to dismiss her bankruptcy. However, a debtor does not have an absolute right to dismiss a chapter 7 case. *In re Watkins,* 229 B.R. 907, 908 (Bankr.N.D.Ill.1999) Pursuant to § 707, a chapter 7 may only be dismissed for cause. 11 U.S.C. 707(a). Further, voluntary dismissal should be denied

where creditors are prejudiced by the dismissal. *Watkins,* 229 B.R. at 909. Prejudice exists where "assets which would otherwise be available to creditors are lost because of the dismissal." *In re Komyathy,* 142 B.R. 755, 757 (Bankr.E.D.Va.1992) (citation omitted) (denying debtor's motion to voluntarily dismiss chapter 7 after receiving inheritance).

218

er and that the Debtor might be subject to sanctions for engaging in what would then be an unauthorized post-petition transfer. The Debtor offers no support for her theory that any hardship she or the other beneficiaries might suffer by virtue of vacating the order of dismissal, hardship directly attributed to the Debtor's own conduct in connection with this case, would outweigh the UST's need to protect and preserve the integrity of the bankruptcy system. A debtor who repeatedly fails to comply with the requirements of the Code and Rules cannot complain of the consequences.

## CONCLUSION

For the above-stated reasons, the Court grants the UST's motion. Dismissal of the Debtor's bankruptcy will be vacated pursuant to Fed. R. Bankr.P. 9024 and a trustee will be appointed.