Ecnateos D. MONZIDELIS, et
al., Plaintiffs–Appellants,

v.

WORLD'S FINEST CHOCOLATE,
INC., Defendant–Appellee.

No. 02–3334.

United States Court of Appeals,
Seventh Circuit.

Submitted May 15, 2003.

Decided Feb. 27, 2004.

Leonard N. Flamm, New York, NY, for
Plaintiffs–Appellants.

Jay Williams, Schiff, Hardin & Waite,
Chicago, IL, for Defendant–Appellee.

Before BAUER, COFFEY, and DIANE
P. WOOD, Circuit Judges.

## ORDER

Plaintiffs–Appellants appeal from the
district court's order denying their motion
to reconsider and vacate the court's grant
of summary judgment in favor of the de-
fendant-appellee. We affirm.

## I.

World's Finest Chocolate, Inc. ("WFC"),
a Delaware corporation with its principal
place of business in Chicago, Illinois, man-
ufactures chocolate products that are dis-
tributed worldwide. WFC markets its
products to be sold as premium or novelty
items in connection with charitable fund-
raising activities. The plaintiffs are nu-
merous, independent distributors and citi-
zens of various states other than Illinois
who, from the early 1960s through 1999,
entered into separate agreements with
WFC to sell the company's chocolate prod-
ucts. Under those agreements, which

were "terminable at will," each independent distributor had the exclusive right to sell WFC products within his or her own geographic territory.

In early 2000, the defendant decided to terminate its relationship with this network of independent distributors and instead sell its entire fund-raising program to QSP, Inc. ("QSP"), giving QSP the exclusive right to distribute WFC's chocolates to the fund-raising market. In February of 2000, WFC began notifying its distributors, including the plaintiffs, that all existing independent distributorships with the company would end effective May 26, 2000. Shortly after the independent distributorships were terminated, WFC completed the sale of its fund-raising business and exclusive distributorship rights to QSP. The plaintiffs eventually resumed their distribution of WFC's chocolate products by becoming QSP employees and continuing distribution services through essentially the same territorial network as they had previously formed with WFC.

Although the plaintiffs ultimately resumed their distribution of WFC's chocolates, they nonetheless brought a cause of action against the defendant alleging that their former, independent-distributorship agreements with WFC were, in fact, valuable franchise agreements and that WFC had sold the corresponding franchise rights to QSP without the plaintiffs' consent. The plaintiffs sought $12 million in damages for lost income and profits under Illinois common law claims of conversion and breach of contract. The district court's diversity jurisdiction over the causes of action was invoked pursuant to 28 U.S.C. § 1332(a)(1).

On February 4, 2002, WFC moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and, in the alternative, also moved to dismiss the action pursuant to Rule 12(b)(6). On February 12, the court denied the motions and granted the plaintiffs' request for 60 days in which to conduct its discovery. On April 2, the plaintiffs issued their first (and only) discovery request, which was served on WFC on April 8, just four days prior to the April 12 discovery cut-off date. Subsequently, on April 19, the defendant filed a motion to strike the discovery request as untimely as well as a motion for summary judgment or, in the alternative, a motion to dismiss, arguing that the individual "distributorship agreements" were "at will" and could be terminated by either party at any time. (R. 14.) On May 14, the plaintiffs filed their brief and supporting affidavits in opposition to WFC's motions as well as an amended complaint alleging an additional claim under the Illinois Franchise Disclosure Act ("IFDA") of 1987, 815 Ill. Comp. Stat. 705/1, *et seq.*

On June 14, 2002, the district court entered judgment granting WFC's motion for summary judgment and dismissing the plaintiffs' case. In its decision, the court discussed multiple failures on the part of the plaintiffs to comply with local rules regarding summary judgment submissions. The court explained that the "plaintiffs ... completely failed to provide any response to ... defendant's statement [of undisputed facts], and ... failed to indicate their disagreement with specific references to affidavits, parts of the record, or other supporting materials as required by Local Rule 56.1(b)(3) [of the Northern District of Illinois]."[1] *Monzidelis v. World's Finest*

---

1. Local Rule 56.1(b)(3) requires a party opposing summary judgment to file the following:

"(A) a response to each numbered paragraph in the moving party's statement [of undisputed material facts], including, in the case of any disagreement, specific references to the

*Chocolate,* No. 01 C 8867 (N.D.Ill. June 14, 2002). The trial court noted that the plaintiffs' response merely contained "legal and factual conclusions ... supported by little more than general references to the original and amended complaints, and blanket references to the entire 60 pages of the [plaintiffs' affidavits]." *Id.* The court thus concluded that the "plaintiffs' failure to properly contest defendant's statement of material facts constitute[d] a binding admission of those facts."[2] *Id.* After finding that "[t]he distributorship agreements provided that defendant owned the right to determine who should be engaged and retained as a distributor" and that these agreements were "terminable at will by either party at any time without limitation," the district court ruled that WFC was entitled to judgment as a matter of law on all three of the plaintiffs' claims (breach of contract, conversion, and IFDA) and dismissed the case in its entirety. *Id.*

The plaintiffs failed to file a timely appeal from the court's decision.[3] On August 5, 2002, nearly two months after the entry of judgment, the plaintiffs filed a motion with the district court under Rule 60(b) of the Federal Rules of Civil Procedure, asking the court to reconsider and vacate its June 14 judgment by relying on a recently filed summary judgment "response and statement" attached to the Rule 60(b) motion that, they alleged, now complied with Local Rule 56.1. The plaintiffs argued that their amended statements demonstrated that facts which the court previously found undisputed "are and were substantially disputed." (R.47.)

The district court denied the plaintiffs' Rule 60(b) motion and, in its decision, noted the following:

> [A] motion to reconsider pursuant to Rule 60(b) is not an opportunity for plaintiffs' counsel to go back and take a second stab at complying with the Federal and Local Rules after judgment has already been entered. Neither plaintiffs nor plaintiffs' counsel claims that they were unaware of the rules or that the rules were not clear, nor do they offer any reasonable excuse for not complying with the rules. Accordingly, this court will not entertain plaintiffs' newly amended Rule 56.1(b)(3) statement. The Seventh Circuit has repeatedly upheld a district court's strict enforcement of its rules, sustaining entry of judgment when the non-movant failed to file a factual statement in the form required by the pertinent rule, thereby conceding the movant's version of the facts.

affidavits, parts of the record, and other supporting materials relied upon, and

(B) a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon."

2. Local Rule 56.1(b)(3)(B) states, in part, as follows: "All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."

3. In their notice of appeal filed on September 6, 2002, the plaintiffs attempted to appeal the trial court's order granting WFC's motion for summary judgment. However, Rule 4(a) of the Federal Rules of Appellate Procedure requires that a notice of appeal in a civil case be filed in the district court within 30 days of the entry of the judgment appealed. The court entered summary judgment in favor of WFC on June 14, 2002. Thus, the plaintiffs filed their appeal from the underlying judgment almost two months after the applicable deadline. After we called attention to this jurisdictional question, the plaintiffs filed a motion to voluntarily dismiss their appeal, which this Court granted, insofar as it related to the judgment entered on June 14, 2002. *See* Fed. R.App. P. 42(b).

*Monzidelis v. World's Finest Chocolate,* No. 01 C 8867 (N.D.Ill. Aug. 8, 2002) (citing *Hedrich v. Bd. of Regents of Univ. of Wis. Sys.,* 274 F.3d 1174, 1177–78 (7th Cir.2001); *Jupiter Aluminum Corp. v. Home Ins. Co.,* 225 F.3d 868, 871 (7th Cir.2000); *Bordelon v. Chicago Sch. Reform Bd. of Trs.,* 233 F.3d 524, 527–29 (7th Cir.2000); *Midwest Imports, Ltd. v. Coval,* 71 F.3d 1311, 1313 (7th Cir.1995)).

The plaintiffs appealed from the trial court's denial of their Rule 60(b) motion, arguing that the district court abused its discretion by denying their motion to reconsider the order granting WFC's motion for summary judgment.

## II.

The sole issue on appeal is whether the trial court properly denied the plaintiffs' motion for reconsideration. "A trial court's decision to deny Rule 60(b) relief 'is entitled to great deference,' and is reviewed under the abuse of discretion standard." *Robb v. Norfolk & W. Ry. Co.,* 122 F.3d 354, 357 (7th Cir.1997) (quoting *Tobel v. City of Hammond,* 94 F.3d 360, 362 (7th Cir.1996)). A decision "constitutes an abuse of discretion when it is not just clearly incorrect but downright unreasonable." *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.,* 131 F.3d 625, 630 (7th Cir.1997) (internal quotation marks omitted); *see also Nelson v. City Colls. of Chicago,* 962 F.2d 754, 755 (7th Cir.1992). Thus, we will conclude "that a district court has abused its discretion only if no reasonable person could agree with the [ruling]." *Robb,* 122 F.3d at 357; *see also Nelson,* 962 F.2d at 755 ("An abuse of discretion can be found only where no reasonable person could agree with the district court.") (internal quotation marks omitted); *Zuelzke Tool & Eng. Co. v. Anderson Die Castings,* 925 F.2d 226, 228–29 (7th Cir.1991) ("[t]he district courts are

given wide latitude in deciding motions under Rule 60(b)").

In resolving an appeal from a denial of a motion for reconsideration, we are also mindful that "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Stevens v. Greyhound Lines, Inc.,* 710 F.2d 1224, 1231 (7th Cir.1983) (internal quotations omitted); *see also Harold Washington Party v. Cook County, Ill. Democratic Party,* 984 F.2d 875, 879 (7th Cir.1993). That is, "[a] Rule 60(b) motion permits relief from judgment [only] when it is based on one of six specific grounds listed in the rule." *Talano v. Northwestern Med. Faculty Found.,* 273 F.3d 757, 762 (7th Cir.2001); *see also United States v. Deutsch,* 981 F.2d 299, 301 (7th Cir.1992) ("[Rule 60(b) motions] cannot be general pleas for relief."). The six possible grounds for Rule 60(b) relief are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b). Additionally, while entertaining a Rule 60(b) motion, the district court is not required to "agoniz[e] over whether a motion asserts grounds for relief included in [the Rule]; it is the movant's task to make its contentions clear." *Deutsch,* 981 F.2d at 302.

This is not a typical appeal from a denial of a Rule 60(b) motion, in which the district court has concluded that a movant's proffered reasons for relief under Rule 60(b) are inadequate to justify disturbing a final judgment. Rather, the plaintiffs in this case failed to base their motion on *any* of the grounds specified in Rule 60(b). They failed to even *argue* that mistake, excusable neglect, newly discovered evidence, fraud, or other exceptional circumstances had undermined the legitimacy of the prior judgment. Instead, the plaintiffs' motion baldly asserted that they were entitled to relief simply because their *amended* Local Rule 56.1 response and statement (submitted in conjunction with their Rule 60(b) motion) demonstrated that material issues of fact truly exist. However, the plaintiffs failed to explain in their Rule 60(b) motion why their *initial* Rule 56.1 submissions were inadequate *for one of the reasons provided for in Rule 60(b)*. Because the plaintiffs offer no basis, much less an adequate basis, upon which their Rule 60(b) motion could be granted, we conclude that the district court did not abuse its discretion in concluding that Rule 60(b) relief was not warranted.

Additionally, we must note that the plaintiffs' main argument in support of their Rule 60(b) motion – that material facts were "substantially disputed"– amounts to nothing more than an improper, direct challenge of the district court's underlying decision to grant the defendant summary judgment. The "Plaintiffs' Motion and Memorandum of Law Pursuant to Fed.R.Civ.P. 60(b)" contains arguments addressing only the legal merits of the district court's June 14, 2002, grant of summary judgment. These are arguments that one might very well expect to see – and in fact *did* see – in the plaintiffs' memorandum of law in opposition to the defendant's motion for summary judgment.[4] Therein lies the problem. The plaintiff's motion plainly sought to challenge the district court's underlying judgment long after either the ten days from judgment permitted for a motion to amend or alter judgment under Federal Rule of Civil Procedure 59(e), or the 30 days from judgment permitted by means of a direct appeal, *see* Fed. R. App P. 4(a). Thus, we decline to consider the plaintiffs' challenge because "an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review." *Browder v. Dir., Dept. of Corr. of Ill.*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *accord Del Carmen v. Emerson Elec. Co., Commercial Cam Div.*, 908 F.2d 158, 161 (7th Cir.1990). Indeed, "[h]owever persuasive the plaintiffs' assertions of legal error might have been on a direct appeal, timely taken, our review [at this stage] is strictly limited to determining whether the district court's denial of the Rule 60(b) motion constituted an abuse of discretion." *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 607 (7th Cir.1986) (internal quotations omitted); *see also Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir.1995) ("Rule 60(b) ... is not an appropriate vehicle for ad-

---

4. By way of example, the six "argument points" that the plaintiffs present in their memorandum in support of their motion for reconsideration are: (1) "WFC and each plaintiff herein respectively entered into a franchise agreement which meets the FDA definitions of 'franchise' "; (2) "Regardless of the applicability of the FDA, the plaintiffs are entitled to Illinois common law 'good cause' protection"; (3) "The fact that the business relationships with plaintiffs were terminated *before* WFC actually sold its business interests to QSP is irrelevant to claims at bar"; (4) "Defendant has not produced the documents on which its claims are based"; (5) "Plaintiffs have adequately stated a claim for conversion"; and (6) "Plaintiffs' affidavits are not conclusory; their documents come from WFC and have been sufficiently authenticated." (R.47.)

dressing simple legal error; otherwise, a party could circumvent the ordinary time limitation for filing a notice of appeal.").

We conclude that the plaintiffs failed to articulate in their motion *any* grounds for relief set forth in Rule 60(b); rather, they used the motion to renew legal arguments already presented to and ruled upon by the district court in its original grant of the defendant's motion for summary judgment. Thus, the district court's denial of the plaintiffs' motion to reconsider and vacate its June 14, 2002, judgment was entirely proper.[5]

AFFIRMED.

---

5. The plaintiffs contend that the district court did not specifically base its decision to deny the motion for reconsideration on the plaintiffs' failure to adequately articulate what grounds under Rule 60(b) warranted relief from the June 14, 2002, judgment. We disagree. While it is true that the district court did not elaborate on how this glaring failure by the plaintiffs animated its decision, it did state that "[n]either plaintiffs nor plaintiffs' counsel claims that they were unaware of the rules [governing the submission of summary judgment statements] or that the rules were not clear, *nor do they offer any reasonable excuse for not complying with the rules.*" (R.50) (emphasis added). This statement, combined with the plain omission in the Rule 60(b) motion of any argument for why relief under that Rule is proper, fully support our decision to affirm the district court on this basis.