**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 4, 2009
Decided October 26, 2009

**Before**

MICHAEL S. KANNE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 07-1480

GARY T. PIERCE,
      *Plaintiff-Appellant*,

    *v.*

ILLINOIS DEPARTMENT OF HUMAN
SERVICES,
      *Defendant-Appellee*.

Appeal from the United States District
Court for the Central District of Illinois.

No. 03 C 3222

Richard Mills,
*Judge*.

**O R D E R**

Gary Pierce, now proceeding *pro se*, appeals the district court's entry of summary judgment against him. On the day that Pierce's response to the motion for summary judgment filed by the Illinois Depart of Human Services ("IDHS") was due, Pierce's then-counsel asked for an extension of time to file a response. The district court granted the request, albeit on the date that counsel had requested, but counsel did not file the response in time. Citing a local rule which provides that a failure to respond to a motion for summary judgment means the motion is admitted, the district court granted summary judgment in the defendant's favor. We affirm the grant of summary judgment in favor of IDHS in light of counsel's failure to comply

with deadlines throughout this case and because summary judgment was proper as a matter of law.

## I.  BACKGROUND

The Illinois School for the Deaf is a residential school in Jacksonville, Illinois that serves deaf and hard-of-hearing children.  IDHS operates the school.  Gary Pierce began working at the school in 1994 as a residential care worker and left in 2003 after he took an educational leave of absence.

Pierce, an African-American male, maintains he was subjected to discrimination and harassment on the basis of his race during his employment at the school.  After receiving a right-to-sue letter from the EEOC, he filed suit in federal court.  The district court granted IDHS's motion to dismiss the complaint, and Pierce appealed.  We affirmed the dismissal of Pierce's disparate treatment claim but concluded the complaint stated a hostile work environment claim, and we remanded for further proceedings.  *Pierce v. Ill. Dep't of Human Servs.*, 128 Fed. Appx. 534  (7th Cir. 2005) (unpublished).

On December 21, 2006, IDHS moved for summary judgment on Pierce's hostile work environment claim.  Pursuant to local rules, Pierce's response was due twenty-one days later, on January 11, 2007.  On the day the response was due, Pierce's counsel filed a written motion for an extension of time that asked the district court to grant her until February 10, 2007 to file the response.  February 10, 2007 was actually a Saturday.  The district court did not rule on Pierce's motion for an extension until Monday, February 12, 2007.  When it did, it granted the motion and stated the response was due the same day (February 12, 2007).

Two days later, Pierce's counsel filed a motion that requested an additional four days (through February 16) to file a response to IDHS's motion for summary judgment.  Counsel stated in support of her motion that she had been in the process of finalizing the response when a blizzard hit on February 13, which snowed in counsel's administrative assistant and also rendered Pierce unable to leave his house to sign his affidavit.

On February 15, 2007, the district court granted IDHS's motion for summary judgment. The district court cited United States District Court for the Central District of Illinois Local Rule 7.1(D)(2), which states that "a failure to respond [to a summary judgment motion] shall be deemed an admission to the motion."  The next day, Pierce's counsel moved to file a response to the motion for summary judgment *instanter*.  In that motion, counsel stated that she thought February 12 was a federal holiday (it was not), and that a blizzard had hit on February 13.  The district court denied the motion pursuant to Local Rule 7.1(B)(1), which requires that any motion that raises a question of law include citations to supporting law or authority upon which the movant relies and also requires that it identify the rule under which the motion is filed.  The district court also stated that its earlier ruling to deem the motion for summary

judgment admitted was appropriate in light of the circumstances of the case, as counsel had waited until the last minute to do everything.  Pierce appeals, now proceeding *pro se.*

## II.  ANALYSIS

Pierce appeals from the district court's entry of summary judgment against him.  The district court granted IDHS's motion for summary judgment in light of United States District Court for the Central District of Illinois Local Rule 7.1(D)(2), which provides:

> Response to Motion For Summary Judgment:
>
> Within 21 days after service of a motion for summary judgment, any party opposing the motion shall file a response. A failure to respond shall be deemed an admission of the motion.

The district court deemed Pierce to have admitted the motion because a timely response had not been filed.

We review for an abuse of discretion a district court's determination that a litigant filed a response to a motion for summary judgment late and therefore refused to consider it. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 604 (7th Cir. 2006).  Federal Rule of Procedure 6(b) authorizes a court to establish deadlines and gives it the authority to enforce them, *Raymond*, 442 F.3d at 605, and we have repeatedly recognized the importance of complying with local rules.  *See Koszola v. Bd. of Educ. of the City of Chi.*, 385 F.3d 1104, 1109 (7th Cir.2004) (" '[W]e have emphasized the importance of local rules and have consistently and repeatedly upheld a district court's discretion to require strict compliance with its local rules governing summary judgment.' ") (quoting *Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 562 (7th Cir.2002) (internal quotation marks omitted)); *see also Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003); *Spears v. City of Indianapolis*, 74 F.3d 153, 156-57 (7th Cir. 1996).

The consequences of failing to comply with a district court's local rules can be severe. "[T]he district court clearly has authority to enforce strictly its Local Rules, even if a default results."  *Tobel v. City of Hammond*, 94 F.3d 360, 362 (7th Cir. 1996).  And, unfortunately for Pierce, civil litigants are held responsible for the mistakes or omissions of their attorneys.  *See Easley v. Kirmsee*, 382 F.3d 693, 699-700 (7th Cir. 2004); *Tango Music, LLC v. DeadQuick Music, Inc.*, 348 F.3d 244, 247 (7th Cir. 2003).

Under the circumstances present in this case, it would not be easy to find that the district court abused its discretion when it determined that Pierce's counsel failed to comply with Local Rule 7.1(D)(2) and then enforced that rule.  Counsel did not move to extend the time to file a response to IDHS's motion for summary judgment until the very day it was due.  In her motion, counsel asked the district court to give her until February 10, 2007 to file the motion, yet the motion was not ready on that day.  That meant that although counsel had 53 days from the day IDHS filed its motion for summary judgment through February 12, counsel did not

have its response ready. *Cf. Raymond*, 442 F.3d at 608 (affirming district court's decision not to accept late response to motion for summary judgment when party had 48 days to file response).

As the district court suggested, the failure to file a response to the motion for summary judgment on time was not the first problem with deadlines in this case. The district court entered a scheduling order directing that the parties make their initial disclosures by August 3, 2005. When Pierce's initial disclosures had not been made, IDHS filed a motion on September 30, 2005 that asked the court to enter an order compelling the plaintiff to provide its initial disclosures. The motion recounted that IDHS counsel had sent Pierce's counsel letters on August 10, 2005 and September 16, 2005 requesting the overdue initial disclosures but had not received a response. The district court entered an order on September 30, 2005 and directed the plaintiff to file a response by October 14, 2005. Four days after the due date, Pierce's counsel filed a notice that it had served its initial disclosures on IDHS.

IDHS later filed a motion to compel overdue responses to the defendant's interrogatories and requests for production of documents. The district court denied the motion without prejudice based on an understanding that counsel would provide responses within thirty days. Two months later, the plaintiff still had not produced the documents, so IDHS filed a second motion to compel on June 26, 2006. Pierce's counsel requested additional time to respond, and the district court allowed until September 1, 2006 for the plaintiff to respond to IDHS's discovery requests and until September 15, 2006 for IDHS to depose Pierce. The court stated that no further fact discovery would be allowed. When IDHS still did not receive the discovery responses, it moved for sanctions on September 12, 2006. As a result, the circumstances of the case support the district court's enforcement of the local rule.

At the least, in light of the failure to file a response on time, the district court could have deemed IDHS's statement of undisputed facts admitted and then determined whether summary judgment was warranted as a matter of law. *See Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994). Our review of whether summary judgment is appropriate as a matter of law looks at the record de novo. *Peirick v. Ind. Univ. - Purdue Univ. Indianapolis Athletic Dep't*, 510 F.3d 681, 687 (7th Cir. 2007). In this case, summary judgment would have been warranted based on the IDHS's statement of undisputed facts.

A hostile work environment requires that the plaintiff show, among other things, that the conduct was "severe or pervasive" enough to create a hostile work environment. *Rhodes v. Ill. Dep't of Transp.*, 359 F.3d 498, 505 (7th Cir. 2004). The most egregious incidents alleged in this case are that a co-worker flashed a Ku Klux Klan sign toward Pierce and that a different co-worker called him a "nigger." Both incidents took place in 1999, four years before Pierce left IDHS, and the latter occurred in a park while the co-worker was not working. These actions were deplorable. Nonetheless, isolated incidents like these involving other co-workers do not rise to the level of environments we have deemed hostile. *See, e.g. Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 552 (7th Cir. 2002) (isolated statements by co-worker, including one

use of word "nigger," did not rise to the level of objectively hostile environment). Pierce does point to other comments referencing race: (1) in 1994, one of his co-workers commented that all blacks look alike; (2) in 1994, Pierce heard two racist jokes in the smoke room; (3) in 1994, a co-worker commented that he was glad that the school was hiring more blacks; (4) at a cultural diversity workshop on October 6, 1995, the word "nigger" was used as part of the presentation; and (5) in March or April of1996, a co-worker told Pierce that her husband worked at Western Illinois Correctional Center and she feared for his safety because he had to work with African-American inmates in the barber shop. Many of these comments, however, were not directed at Pierce. *See Peters*, 307 F.3d at 552 (impact of "second-hand" harassment not as great as harassment directed at the plaintiff). None involved a supervisor. *Cf. Cerros v. Steel Technologies, Inc.*, 398 F.3d 944 (7th Cir. 2005) (reversing grant of summary judgment for defendant where supervisors and co-workers subjected plaintiff to direct and highly racial epithets, co-workers openly advocated the Ku Klux Klan, and there was racially-motivated graffiti in bathroom). All told, the incidents that took place over a ten-year period do not rise to the level of an objectively hostile work environment. *See Peters*, 307 F.3d at 552. Summary judgment was therefore proper as a matter of law.

## III. CONCLUSION

The district court's grant of summary judgment is affirmed.