### KOVILIC CONSTRUCTION CO., INC., Plaintiff–Appellee,

v.

### Damir MISSBRENNER, Defendant–Appellant.

No. 96–2475.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 8, 1997.

Decided Feb. 10, 1997.

---

3. See *Pinkerton v. United States,* 328 U.S. 640, 647, 66 S.Ct. 1180, 1184, 90 L.Ed. 1489 (1946).

Carolyn Gallagher Brocksmith (argued), Wilmette, IL, for Plaintiff–Appellee.

Gregory K. Stern, Chicago, IL, Charles A. Linn, Ariel Weissberg (argued), Weissberg & Associates, Chicago, IL, for Defendant–Appellant.

Before POSNER, Chief Judge, and COFFEY and DIANE P. WOOD, Circuit Judges.

DIANE P. WOOD, Circuit Judge.

There is no question that procedural rules are important and that infractions of those rules should not be tolerated by the courts. Otherwise, the rules themselves will not be taken seriously, and eventually they may exist in name only, honored in the breach. On the other hand, the same range of potential penalties is not available for every rule, for the simple reasons that rules express policies of differing importance, the need to deter noncompliance varies, and the consequences of failures to comply differ. In this case, we must decide whether summary reversal of a bankruptcy appeal was within the permissible range of sanctions for an admitted violation of Northern District of Illinois Local Rules 3.14 and 39(B), which require counsel to file an appearance form and an affidavit certifying compliance with applicable ethical rules. We conclude that it was not, and we therefore reverse and remand for further proceedings.

I

The underlying lawsuit arose out of Damir Missbrenner's bankruptcy case (initially filed under Chapter 11 of the Bankruptcy Code, but later converted to an action under Chapter 7), which had been referred to the Bankruptcy Court for the Northern District of Illinois for adjudication. Kovilic Construction Company brought an adversary proceeding against Missbrenner, claiming that Missbrenner had committed fraud within the meaning of § 523(a)(2)(A) of the Bankruptcy Code and therefore that his debt to Kovilic was nondischargeable. After a trial, Bankruptcy Judge Thomas James ruled in Missbrenner's favor. Kovilic's motion for reconsideration was denied, and Kovilic then appealed to the district court, as was its right under 28 U.S.C. § 158(a).

After the appeal was fully briefed in the district court, the fact came to light that Missbrenner's attorney, Ariel Weissberg, had committed the two violations of the Local Rules of the Northern District of Illinois

identified above: he had not filed the appearance form required by Local Rule 3.14, and he had not filed the affidavit required by Local Rule 39(B). Indeed, Weissberg had never filed the two forms during the course of the bankruptcy proceedings either, but Bankruptcy Judge James chose not to do anything about the problem, as the following exchange illustrates:

> [Kovilic's Attorney] ... Your Honor, I wish to point out that there is no appearance on file on behalf of Mr. Weissberg or his firm. I'm not sure what he's doing here.

> THE COURT: Well, he's representing Mr. Missbrenner.

> [Kovilic's Attorney]: Mr. Stern is representing Mr. Missbrenner according to the file in this case, your Honor.

> THE COURT: We're not going to fuss about an appearance. When somebody steps up and says he's representing a person, that's sufficient.

Remarkably, even after this explicit reminder about the need for the form, Weissberg neither cured his oversight before the bankruptcy court nor did he file the form when he took his client's appeal to the district court.

On January 26, 1996, the district court *sua sponte* issued an order (1) striking Missbrenner's brief, (2) reversing the decision of the bankruptcy court, and (3) awarding judgment in favor of Kovilic without considering any of the issues that had been raised on appeal. The district court's order makes clear that the sole reason for these actions was Weissberg's failure to file the Local Rule 3.14 appearance form and the Local Rule 39(B) affidavit. The court relied on Fed.R.Civ.P. 11(a) and Local Rule 12(P) as authority for its action, noting the exchange with the bankruptcy judge and the importance of upholding the Local Rules, "especially in the face of such a reminder." As a result, the court entered judgment in Kovilic's favor in the amount of $49,476.17, and entered final judgment for Kovilic on May 20, 1996. This appeal followed.

## II

Weissberg has not tried to excuse his conduct before this Court, apart from trying to convince us that his defalcation was "minor" and "trivial." He argues only that the sanctions that the district court imposed for his violations of the Local Rules were not authorized either by the rules in question, the rules cited by the court, or the inherent power of the district court. We take those points in turn. Although the standard of review for the imposition of sanctions is normally abuse of discretion, see *Matter of Generes*, 69 F.3d 821, 827 (7th Cir.1995) (sanctions under Rule 11 of the Fed.R.Civ.P.); *English v. Cowell*, 969 F.2d 465, 472 (7th Cir.1992) (sanctions issued pursuant to court's inherent power), in this case we have a preliminary legal question that we review *de novo*: do the rules themselves authorize the sanction imposed by the district court? If the answer to that is no, then we must reach the question of the court's inherent power to take this action. If one of the rules authorizes the sanction, then we review the court's decision under the normal abuse of discretion standard.

Local Rule 3.14 itself requires counsel to file an appearance form indicating, among other things, the name of the attorney filing the appearance and an indication of whether the attorney is a member of the bar or trial bar or admitted pursuant to General Rules 3.11 or 3.12. Rule 3.14(B) clearly states that "an appearance form shall be filed by every attorney," unless otherwise provided in the rules. Subsection (E) of Rule 3.14 specifies the penalties that are to apply for failing to file an appearance form:

> If it is brought to the attention of the Clerk that an attorney who has filed documents and/or appeared in court has not filed the appearance form required by this Rule, the Clerk will notify the judge or magistrate before whom the proceedings are pending. An attorney who fails to file an appearance form where required to do so by this Rule will be found to be in contempt of this Court and may be fined an amount not to exceed fifty dollars ($50).

Local Rule 39, which requires an affidavit evidencing ethical conduct, also contains ex-

press language (in subsection (B)) dictating the penalty for a failure to comply: "Failure to meet these requirements shall bar the said attorney from the proceedings until this provision is complied with."

■ It is plain from this that neither Local Rule 3.14 nor Local Rule 39 authorized the draconian sanction of summary reversal of the client's case on the merits. Reversal is a far cry from a $50 fine, and the effect on Missbrenner himself of the summary reversal was dramatically different than the inconvenience he would have suffered from having to find another lawyer—the consequence of an uncured Rule 39 violation. We therefore turn to the other possible grounds for supporting the sanction on which Kovilic and the district court relied: Fed.R.Civ.P. 11, Local Rule 12(P), and the inherent power of the district court.

■ Rule 11 similarly does not fit the problem at hand. Rule 11(a) requires that attorneys sign all papers filed with the courts, but there is no allegation that Weissberg filed any *unsigned* papers. The problem instead was that he had not filed other documents with the court showing why he had a right to be the one signing those documents as an attorney. Furthermore, even if we regarded documents signed by an attorney who has not filed an appearance form and an affidavit as the equivalent of "unsigned" documents, Rule 11(a) provides only that the court may strike the unsigned document. We have held that documents should be struck only where the failure to sign severely prejudiced the opposing party. See *United States v. Kasuboski*, 834 F.2d 1345, 1348 (7th Cir.1987). Here, the district court made no finding that Kovilic was prejudiced by Weissberg's omissions. As a member of the bar, Weissberg's signature was sufficient to bind him to the representations required by Rule 11(a) whether or not he had filed a formal appearance form. Thus, neither the text of Rule 11(a) nor its underlying purpose indicate that it provides a legal basis for a summary reversal of the client's case as a sanction for a violation under these circumstances. Furthermore, even though Rule 11(a) might have provided some support for the part of the order striking Missbrenner's

brief, in the absence of findings on prejudice to Kovilic that aspect of the order cannot stand either.

■ Local Rule 12(P) provides that the court may strike a motion or grant it without further hearing when a party has failed to file a supporting or answering memorandum. Again, this rule is inapposite to the problem at hand. The appeal was fully briefed when the district court noticed the lack of the appearance form and affidavit. Rule 12(P) was meant for situations where one side or the other has dropped the ball by failing to file a required memorandum. This kind of failure, according to the rule, is not a waiver of the motion; instead, the motion is subject to appropriate action by the court. Certainly nothing in a rule designed in part to protect parties from a finding of waiver suggests that summary reversal is a permissible sanction, especially when none of the specified documents is missing.

■ This takes us to the legal authority urged most strongly by Kovilic: the inherent power of the district court. The Supreme Court ruled in *Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991), that a district court has the inherent power to "fashion [ ] appropriate sanction[s] for conduct which abuses the judicial process." *Id.* at 44, 111 S.Ct. at 2133. This power exists even where procedural rules govern the same conduct. *Id.* at 49, 111 S.Ct. at 2135. Nevertheless, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Id.* at 44, 111 S.Ct. at 2132. Furthermore, courts may not exercise their inherent powers in a way that actually conflicts with constitutional or statutory provisions. See *Bank of Nova Scotia v. United States*, 487 U.S. 250, 254, 108 S.Ct. 2369, 2373, 101 L.Ed.2d 228 (1988). The "supersession" clause of the Rules Enabling Act, 28 U.S.C. § 2072(b), which states that laws in conflict with national rules of procedure "shall be of no further force or effect," suggests that exercises of inherent powers may also not directly conflict with the national procedural rules. See also Fed.R.Civ.P. 83(b). This Court has recognized the need to be cautious when resorting to inherent powers to justify an action,

particularly when the matter is governed by other procedural rules, lest (even in the absence of a direct conflict) the restrictions in those rules become meaningless. See, e.g., *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 652 (7th Cir.1989) (*en banc*) (noting that although the district court has "substantial inherent power," this power must be exercised in harmony with the Federal Rules of Civil Procedure); *Strandell v. Jackson County, Ill.*, 838 F.2d 884, 886–87 (7th Cir.1987) (same).

■ Sanctions authorized only by the inherent power of the court are therefore available only when no direct conflict with laws or national rules of procedure would arise. Even then, they must be used only with great caution. This is especially true if the court uses the ultimate sanction of dismissal, default, or its equivalent. Indeed, the Supreme Court noted in a discussion of Fed. R.Civ.P. 37, which expressly authorizes dismissals and default judgments as a possible sanction for failure to comply with a discovery order, that:

> The provisions of Rule 37 which are here involved must be read in light of the provisions of the Fifth Amendment that no person shall be deprived of property without due process of law, .... [T]here are constitutional limitations upon the power of courts, even in aid of their own valid processes, to dismiss an action without affording a party the opportunity for a hearing on the merits of his cause.

*Société Internationale pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 209, 78 S.Ct. 1087, 1094, 2 L.Ed.2d 1255 (1958). Under circumstances where the underlying rules do not include dismissals as a potential sanction for their violation, the need to be aware of the due process consequences of a dismissal for the hapless client (or here, something even worse—a summary reversal with entry of a monetary judgment against the client) is even greater.

The cases that have upheld dismissals as a sanction based on inherent powers have typically involved bad faith, fraud, or undue delay by one of the parties. See, e.g., *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 244, 64 S.Ct. 997, 1000, 88 L.Ed. 1250 (1944) (inherent powers authorized court to vacate judgment obtained by fraud; compare Fed. R. Civ. P. 60(b)(3)), *overruled on other grounds, Standard Oil Co. of Cal. v. United States*, 429 U.S. 17, 97 S.Ct. 31, 50 L.Ed.2d 21 (1976); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1962) (inherent powers authorized court to dismiss with prejudice a case for want of prosecution after a six-year delay). By contrast, we have rejected the sanction of dismissal under the court's inherent powers where the underlying attorney misconduct was questionable, but not egregious, unduly dilatory, or contumacious. See, e.g., *Barnhill v. United States*, 11 F.3d 1360, 1370 (7th Cir.1993) (attorney's initial nonresponsiveness to inquiries of court did not justify sanction of dismissal); *English*, 969 F.2d at 473 (attorneys failed to pay fines imposed on court, but dismissal for this noncompliance may have been inappropriate because attorneys may have been financially unable to pay the fines); *Beeson v. Smith*, 893 F.2d 930, 931 (7th Cir.1990) (attorney's questionable tactics during a settlement conference and failure to appear at a status hearing did not warrant the sanction of dismissal).

■ Here, there is no doubt that Weissberg was negligent when he violated Local Rules 3.14 and 39. Worse yet, he admitted to us at oral argument that he did not try to cure his violation after the district court entered its order, nor apparently has he done so to this date. (He did, however, file the required appearance form in this Court for the appeal.) It is unfortunate that Bankruptcy Judge James excused his noncompliance so casually, as this may have left the erroneous impression with Weissberg that the Local Rules contained "trivial" formalities that did not need to be observed. The district court here would have been entirely correct if it had imposed the sanctions authorized by the rules in question on Weissberg. If that did not produce compliance with the substance of the rule, a district court would be entitled to hold the attorney in contempt and consider, after a hearing, what other sanction would suffice to drive the point

home. (This rule does not operate like certain parking regulations, which effectively say "don't park here, but if you do, we'll charge you $50 for the privilege"—a payment of $50 for violating Local Rule 3.14 is a modest reminder of the need to file the form, not an alternative method of compliance.)

On the other hand, there is no evidence that Weissberg's actions were fraudulent, dilatory, or taken in bad faith. He expressly represented to this Court that there was nothing in his arrangements with Missbrenner that would preclude his filing a satisfactory Rule 39 affidavit, and that he was prepared to file both required forms immediately upon remand to the district court. Indeed, had Missbrenner and Weissberg simply ignored the appeal, the district judge still would have had an obligation to decide it on the merits. Cf. Fed. R.App. P. 31(c), 34(e); Seventh Circuit Rule 31(d); see also 9 Collier on Bankruptcy para. 8009.04 (15th ed.1996). We conclude that insofar as it relied on its inherent power, the district court abused its discretion when it entered judgment in favor of Kovilic as a sanction for Weissberg's violations of the local rules. We see nothing in this record, however, that would justify our granting Weissberg's request for assignment to a different district judge on remand, pursuant to Circuit Rule 36. Although the district court went too far in its actions, it was understandably concerned about Weissberg's failure to comply with the rules even after they were called to his attention in the bankruptcy proceeding. We trust that Weissberg will mend his ways on remand and that no further such problems will arise.

The judgment of the district court is REVERSED and the case is REMANDED for further proceedings consistent with this opinion. Each party will bear its own costs on appeal.