139 F.3d 902
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
In the Matter of: Gary D. REUSCHER, Debtor-Appellee
Appeal of: ENERGY PRODUCTS ENGINEERING, INC., William J.
Boyle, and Sidney A. Gould.
 No. 97-2010.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 27, 1998*.
Decided Mar. 2, 1998.
 
 Appeal from the United States District Court for the Southern District of Illinois. No. 96-CV-4138 J. Phil Gilbert, Chief Judge.
 Before Hon. JOEL M. FLAUM, Hon. MICHAEL S. KANNE, Hon. TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 Energy Products Engineering, Inc., William J. Boyle, and Sidney A. Gould (hereinafter collectively referred to as "Appellants") were sanctioned $9,340.53 by the bankruptcy court pursuant to Bankruptcy Rule 9011 for commencing an action in violation of Federal Rules of Civil Procedure 11(b)(2) and 11(b)(3) (1992).[1] Appellants appealed the imposition of sanctions and the district court affirmed. On appeal, Appellants argue that they should not have been sanctioned because: (1) their reasonable perception of the facts and laws at the time of filing an action is a defense to sanctions, and they properly aborted the case once they determined it was unwinnable; (2) Rule 11 cannot be construed as a fee-shifting statute; and (3) the sanctions should not have included the Debtor-Appellee's "cost of defense to the appeal of the summary judgment resulting in the decision of In re Reuscher [, 169 B.R. 398 (S.D.Ill.1994)]." (Appellee's Br. at iii.) However, Appellants did not present their fee-shifting argument to the district court, and it is therefore waived. Oates v. Discovery Zone, 116 F.3d 1161, 1168 (7th Cir.1997). We affirm.
 
 
 2
 Gary Reuscher was the secretary-treasurer of Howbeit of Illinois (Howbeit), which was incorporated in 1986. Reuscher, along with James Sheible, the president of Howbeit, owned a controlling interest in the corporation's stock. Sometime in 1987 or 1988, Howbeit contracted out engineering work for a co-generation plant to Energy Products Engineering, Inc. (EPE) and William J. Boyle, EPE's president. However, the charter of Howbeit was dissolved by the Secretary of State in February 1989 for Howbeit's failure to pay its franchise fee. In 1990, Reuscher filed a Chapter 7 bankruptcy and sought to discharge any debts that may have been owed to Appellants as unsecured creditors.
 
 
 3
 Appellants brought a complaint and other pleadings in bankruptcy court, arguing that pursuant to Bankruptcy Code § 523(a)(4). Reuscher was not entitled to a dischargeability of indebtedness. The bankruptcy court determined that Appellants had failed to support their non-dischargeability claim by not introducing any evidence in support of their factual contentions and by filing an action that was not warranted by existing laws or a nonfrivolous argument for departure from existing laws. As a result the court assessed $9,340.53 in sanctions against Appellants pursuant to Bankruptcy Rule 9011. The district court affirmed the imposition of sanctions, finding that the bankruptcy court did not abuse its discretion.
 
 
 4
 We review the imposition of sanctions for an abuse of discretion. Kovilic Const. Co., Inc. v. Missbrenner, 106 F.3d 768, 771 (7th Cir.1997). "We review the record to determine whether the award of sanctions is supported by the articulated reasons of the district court." Pacific Dunlop Holdings, Inc. v. Barosh, 22 F.3d 113, 118 (7th Cir.1994). We conduct a de novo review of the legal conclusions of the bankruptcy court and uphold factual findings unless clearly erroneous. Matter of Lifschultz Fast Freight, No. 96-1362, slip op. at 6 (7th Cir. Dec.10, 1997).
 
 
 5
 Appellants first argue that they should not have been sanctioned because they perceived a valid theory for recovery at the time they filed their complaint, and they aborted the case once they determined it was unwinnable. As the bankruptcy court noted, however, even if their perception of the law and facts at the time they filed the complaint was reasonable, they "violated Rule 11 in continuing to advocate the allegations of the complaint at trial even while producing no evidence to support the allegations." (R. 77, Amended Order Imposing Sanctions at 3 n. 1); Fed.R.Civ.P. 11(b) (1992) (a party can not only be sanctioned for filing a complaint, but also for "later advocating" the assertions made in that pleading). Appellants' action was not "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law," or the establishment of new law. Fed. R. Bankr.P. 9011(a) (1996); see Fed.R.Civ.P.11(b)(2) (1992). As the district court noted. Appellants failed to adequately inquire into the circumstances supporting the claim of non-dischargeability. As a result of the Appellants' failure to conduct an adequate inquiry into the facts, they were unable to offer any evidence that pertained to a breach of fiduciary duty by Reuscher. Appellants have not pointed to any evidence in the bankruptcy court transcripts that indicates that the court committed an abuse of discretion in imposing sanctions.
 
 
 6
 Appellants' final argument is that the sanctions should not have included Reuscher's cost of defense in the earlier case, In re Reuscher. In that case, the district court reversed the bankruptcy court and determined that Appellants' complaint had alleged a claim for dischargeability based on fiduciary fraud pursuant to Bankruptcy Code § 523(a)(4). In re Reuscher, 169 B.R. at 400. Although Appellants survived a dismissal to the extent that they had stated a claim, merely stating a claim does not demonstrate that Appellants adequately inquired into the facts and offered any evidence pertaining to a breach of a fiduciary duty. Fed.R.Civ.P. 11(b)(3) (1992). The cost of an appeal from a decision of the bankruptcy court, including attorney fees, may be included as part of a sanction. See Matter of Generes, 69 F.3d 821, 827 (7th Cir.1995) (pursuant to Bankruptcy Rule 9011 or Federal Rule of Civil Procedure 11, sanctions may be imposed for filing an action in the bankruptcy court, as well as for a subsequent appeal to the district court), cert. denied, 519 U.S. 823, 117 S.Ct. 81, 136 L.Ed.2d 39 (1996). Because Appellants failed to adequately inquire into the facts and were unable to offer evidence of a breach of a fiduciary duty, the bankruptcy court did not abuse its discretion in imposing Reuscher's reasonable attorney fees as a sanction pursuant to Bankruptcy Rule 9011.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This court issued an order to show cause why the appeal should not be submitted to the court for a decision without the filing of a brief by Appellee. See Cir. R. 31(d). Appellee responded that it wished to stand on the record without the filing of a brief. After an examination of Appellants' brief and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the brief and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 At the time of the imposition of sanctions in this case, Rule 9011 of the Federal Rules of Bankruptcy Procedure was analogous to Rule 11 of the Federal Rules of Civil Procedure as it existed prior to its amendment, effective on December 31, 1993. Therefore, we can apply the cases interpreting the former Rule 11 in this case. In re Roete, 936 F.2d 963, 967 (7th Cir.1991); In re Val W. Poterek & Sons. Inc., 169 B.R. 896, 908 (N.D.Ill.1994). During the pendency of this appeal, Rule 9011 has been amended, effective December 1, 1997, to conform to the 1993 changes to Rule 11. We apply Rule 9011 as is existed prior to the recent amendment in our review of this case