**Donald J. MINNIECHESKE, et al., Plaintiffs–Appellants,**

v.

**VILLAGE OF TIGERTON, et al., Defendants–Appellees.**

No. 04–2822.

United States Court of Appeals, Seventh Circuit.

Submitted March 8, 2005.*

Decided March 21, 2005.

James D. Minniecheske, Tigerton Dells, WI, pro se.

Jane B. DeDolph, Tigerton Dells, WI, pro se.

Donald J. Minniecheske, Tigerton Dells, WI, pro se.

James P. Denis, III, Whyte Hirschboeck Dudek, Milwaukee, WI, Peggy A. Lautenschlager, Office of the Attorney General Wisconsin Department of Justice, Madison, WI, for Defendants–Appellees.

Before FAIRCHILD, KANNE, and EVANS, Circuit Judges.

ORDER

Donald Minniecheske, James Minniecheske, and Jane Deloph brought suit claiming that the County of Shawano, Wisconsin; the Village of Tigerton, Wisconsin; and various individuals conspired to take their land and money and falsely accuse them of committing crimes, among other wrongs. The plaintiffs demanded $45 million in damages. In May 2004 the district court dismissed the action sua sponte, noting that the majority of the complaint was identical to one previously filed by the

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

plaintiffs and dismissed by the court for lack of subject matter jurisdiction. What little new material that was presented, the court held, was "incomprehensible" and therefore did not state a claim. The plaintiffs did not appeal but instead, more than a month after entry of judgment, filed a "Motion for Relief from Judgment" under Federal Rule of Civil Procedure 60(b). They argued generally that the district court had erred in dismissing their suit and restated many of the allegations from their complaint. They also argued that pleadings filed by the defendants electronically should be stricken under Federal Rule of Civil Procedure 11 because they do not include an attorney's signature. The district court denied the plaintiffs' motion, noting that they merely "repeat[ed] the allegations contained in their previous filings" and did not present any of the grounds for relief under Rule 60(b). The plaintiffs appeal from this order, and we dismiss their appeal.

Rule 60(b) allows a district court to relieve a party from a judgment on the narrow grounds of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, voidness, or "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). It is not a substitute for a timely appeal. *Neuberg v. Michael Reese Hosp. Found.*, 123 F.3d 951, 955 (7th Cir.1997). The plaintiffs' motion did not seek relief under any of the grounds specified in Rule 60(b), but simply asserted that the district court's underlying judgment was wrong. Legal error is not one of the specified grounds for a Rule 60(b) motion; in fact, it is "a forbidden ground." *Marques v. Fed. Reserve Bank of Chicago*, 286 F.3d 1014, 1017–18 (7th Cir.2002). Given the fact that the allegations in this action are virtually identical to those in an earlier action, disposed of by a judgment of dismissal and affirmed on appeal, it is doubtful this court could have reviewed the merits even if the plaintiffs had filed a direct appeal from the May 2004 dismissal. And even accepting the plaintiffs' contention that the defendants' electronic pleadings were "unsigned," the plaintiffs failed to show the prejudice that would be required to have the pleadings stricken. *See Kovilic Const. Co. v. Missbrenner*, 106 F.3d 768, 772 (7th Cir.1997). In any event, although they now purport to appeal the denial of their Rule 60(b) motion, the plaintiffs in essence present an untimely appeal on the merits of their case, and we will not consider it. *See Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir.2000).

APPEAL DISMISSED.