[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17239
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-03928-TCB


CAROLYN GIUMMO,
ANTHONY W. HILL, SR.,
Individually, and as Surviving Parents and
as Personal Representatives of the Estate
of Anthony S. Hill,

Plaintiffs-Appellants,

versus

ROBERT OLSEN,
individually and in his official capacity
as a law enforcement officer for the
DeKalb County Police Department,

Defendant,

LEE MAY,
individually and in his official capacity
as CEO of the County of DeKalb,
THE BOARD OF COMMISSIONERS OF THE
COUNTY OF DEKALB,
a corporate and body politic,

COUNTY OF DEKALB,
a municipal corporation governmental entity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 25, 2017)

Before ED CARNES, Chief Judge, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Carolyn Giummo and Anthony Hill, Sr., as representatives of Anthony Hill's estate, filed this lawsuit against Robert Olsen, DeKalb County, Lee May (the County's Chief Executive Officer), and the County's Board of Commissioners. They alleged that Olsen, a DeKalb County police officer, shot and killed Hill, and they asserted claims under 42 U.S.C. § 1983 against Olsen, May, the Board of Commissioners, and the County. They also asserted state law claims against Olsen and the County.

After the plaintiffs filed their second amended complaint, the County, the Board of Commissioners, and May filed a motion to dismiss the claims against them for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Under the district court's local rule 7.1(B) and Federal Rule of Civil Procedure 6,

2

the plaintiffs had 17 days from the defendants' filing that motion to file a response in opposition to it.

The plaintiffs failed to file an opposition brief by that deadline and, three days later, the district court entered an order granting the defendants' motion to dismiss. It based its decision on local rule 7.1(B), which provides that "[f]ailure to file a response [in opposition to a motion] shall indicate that there is no opposition to the motion." N.D. Ga. LR 7.1(B). In its order the district court did not consider the merits of the defendants' motion to dismiss.

The plaintiffs then filed a motion for reconsideration. In that motion the plaintiffs explained they had failed to timely file an opposition response because counsel had inadvertently calendared the wrong response date, and they attached supporting affidavits from counsel. They contended that the miscalendaring of the response deadline amounted to excusable neglect, that they had meritorious arguments in opposition to the motion to dismiss, and that the defendants had not been prejudiced by the delay. In their reply brief on that motion for reconsideration, the plaintiffs attached the brief they would have filed in opposition to the defendants' motion to dismiss.

The district court denied the plaintiffs' motion for reconsideration and for relief from the judgment. It noted that it doubted the plaintiffs had shown excusable neglect and, even if they had, their belatedly-filed opposition brief did

"not even address the arguments raised in the . . . [d]efendants' motion to dismiss." It added that the defendants' motion to dismiss "would still be due to be granted on the merits by virtue of [the plaintiffs'] wholesale failure to respond to the [defendants'] arguments," but the district court never addressed the sufficiency of the complaint's allegations. The plaintiffs now appeal the district court's grant of the defendants' motion to dismiss as well as its denial of the plaintiffs' motion for reconsideration.[1]

We review de novo a district court's grant of a motion to dismiss. See Butler v. Sheriff of Palm Beach Cty., 685 F.3d 1261, 1265 (11th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). We review for an abuse of discretion a district court's interpretation of its local rules. Fils v. City of Aventura, 647 F.3d 1272, 1282 (11th Cir. 2011). The district court abuses its discretion when it makes a clear error of judgment. Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1302 (11th Cir. 2009).

The district court abused its discretion by interpreting local rule 7.1(B) as permitting it to grant the defendants' motion to dismiss based solely on the

---

[1] The district court later dismissed the claims against Olsen as well. The plaintiffs do not appeal that decision.

4

plaintiffs' failure to respond in opposition. That local rule permits the district court to treat the defendants' motion to dismiss as unopposed, and under it the district court would "be justified in deciding the motion on the papers before [it]." Woodham v. Am. Cystoscope Co., 335 F.2d 551, 556 (5th Cir. 1964) (concluding that the district court erroneously interpreted a local rule providing that parties had 10 days to submit a brief in opposition to a motion as permitting the court to grant the motion for failure to comply with that deadline).[2] For that reason, the district court abused its discretion by interpreting local rule 7.1(B) as permitting it to grant the defendants' motion to dismiss based on the plaintiffs' failure to timely file an opposition brief.

The defendants contend that the district court addressed the merits of their motion to dismiss in its order denying the plaintiffs' motion for reconsideration, and that any error in the district court's interpretation of local rule 7.1(B) was cured by that reconsideration order. See Dunlap v. Transamerica Occidental Life Ins. Co., 858 F.2d 629, 632–33 (11th Cir. 1988) (concluding that the district court

---

[2] The defendants cite Magluta v. Samples, 162 F.3d 662 (11th Cir. 1998), contending that it permitted the district court, under local rule 7.1(B), to automatically grant a motion to dismiss. But our Magluta decision did not reach that issue. Instead, the decision noted local rule 7.1(B) and remanded the case to the district court to "determine [in the first instance] whether dismissal would be appropriate under its local rules of civil procedure" because "the granting of a motion on these grounds is not automatic." Id. at 664–65. To the extent our Magluta decision supports the defendants' contention, it is in conflict with earlier binding case law holding that dismissal based only on the failure to follow a local rule's briefing deadline amounts to an abuse of discretion. See Woodham, 335 F.2d at 556. And "where two or more decisions of this Court are inconsistent, we follow the earliest one." Hurth v. Mitchem, 400 F.3d 857, 862 (11th Cir. 2005).

did not err in granting summary judgment because, even though it cited a local rule setting a deadline to respond and noted that the plaintiff failed to timely file a response, "the district court's orders indicate that the merits of the motion were addressed"). While the district court said in its order that it was addressing the merits of the defendants' motion to dismiss, it neither provided any reason why the plaintiffs' complaint failed to state a claim nor otherwise indicated that it had considered the sufficiency of the complaint's allegations.[3] Instead, the district court found that dismissal was proper due to the plaintiffs' "wholesale failure to respond to the arguments raised in the motion to dismiss." That is not a ruling on the merits of whether the complaint failed to state a claim on which relief can be granted.

And while the defendants contend that we can affirm the district court's decision on the basis that the plaintiffs' complaint failed to state a claim against them, the district court should in the first instance decide whether to (1) permit the plaintiffs to file out of time an opposition brief addressing the defendants' arguments raised in their motion to dismiss or (2) consider only the defendants' arguments and the complaint's allegations. See Smith v. Casey, 741 F.3d 1236, 1243 n.7 (11th Cir. 2014) ("With respect to a decision we would review only for an abuse of discretion, we generally decline to substitute our judgment about the

---

[3] In fact, the order offers no information about the facts alleged in the complaint, much less whether, if taken as true, they state a claim on which relief can be granted.

matter when the district court has not yet decided it and leave the decision to the district court to make in the first instance."). Under local rule 7.1(B) it has the discretion to choose either option. After it has made that decision, the district court must address the merits of the defendants' motion to dismiss.[4]

**REVERSED and REMANDED.**

---

[4] Because we hold that the district court abused its discretion by dismissing the plaintiffs' complaint, we need not address their contention that the district court erred in denying their motion for reconsideration of its dismissal order.