In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 19-2978

BRANNEN MARCURE,

*Plaintiff-Appellant,*

*v.*

TYLER LYNN, *et al.,*

*Defendants-Appellees.*

_____

Appeal from the United States District Court for the
Central District of Illinois
No. 3:18-CV-03137 — **Sue E. Myerscough**, *Judge.*

_____

ARGUED JANUARY 21, 2021 — DECIDED MARCH 25, 2021

_____

Before SYKES, *Chief Judge*, and MANION and ST. EVE, *Circuit Judges*.

ST. EVE, *Circuit Judge*. This appeal asks us to address the scope of two Federal Rules of Civil Procedure: Rule 11(a) and Rule 12(b)(6). Under Rule 11(a), courts must strike unsigned documents unless the filing party promptly corrects them. Rule 12(b)(6) provides a mechanism for dismissing a claim if the movant shows that the claimant insufficiently pleaded it. While these rules may appear unrelated, they intersect in this

case because the district court's application of Rule 11(a) indirectly led to its Rule 12(b)(6) dismissal of Brannen Marcure's claims.

Marcure, a pro se litigant, alleged § 1983 claims against several police officers, who filed a Rule 12(b)(6) motion to dismiss those claims. Marcure's response to their motion lacked a signature in violation of Rule 11(a). Although the district court gave Marcure six days to remedy this deficiency, he never did. The court then struck his response and granted the officers' motion on the sole basis that it was unopposed.

This appeal followed. Marcure, assisted by appointed counsel, challenges the district court's decision on two fronts. As a threshold matter, he argues that the district court struck his response under the incorrect presumption that Rule 11(a) is mandatory. He also attacks the dismissal itself as impermissibly relieving the officers of their burden under Rule 12(b)(6). Because the rule places the burden on the movant to show entitlement to dismissal, he argues, courts must address the merits of Rule 12(b)(6) motions even when they are unopposed. Although we decline to adopt Marcure's interpretation of Rule 11(a), we agree that courts may not dismiss Rule 12(b)(6) motions solely because they are unopposed. We thus reverse and remand to the district court.

I.

This lawsuit began when Marcure filed a § 1983 action against several defendants, including police officers,

prosecutors, defense attorneys, and relatives.[1] Between the initiation of his suit and the officers' filing of their motion to dismiss in September 2018, Marcure filed notice of an address change from Arizona to Illinois. The district court mailed notices, including a notice of the motion to dismiss, to the Illinois address that Marcure listed; these notices were returned as undeliverable. Based on the returned court documents, in October 2018 the court entered a docket text order for Marcure to show cause why his case should not be dismissed due to his failure to keep the court apprised of his current address. Marcure provided notice of a post-office box seven days later.

On October 22, 2018, Marcure filed a response to the officers' motion to dismiss. The response was nearly a month late and lacked a signature. The court entered another docket text order on October 26, 2018, excusing the late filing due to Marcure's recent address change but warning that the court would strike the response pursuant to Federal Rule of Civil Procedure 11(a) if Marcure did not correct the signature deficiency within six days.

Around the same time, the defense attorneys and prosecutors filed motions to dismiss (on October 29th and November 7th) to which Marcure filed timely, signed responses. He did not, however, correct his unsigned response to the officers' motion or file a new response. Curiously, his amended

---

[1] We have appellate jurisdiction because the district court entered judgment pursuant to Federal Rule of Civil Procedure 58. The judgment dismissed the claims against all the defendants, doing so with prejudice as to the defendants that Marcure served, and indicated that the district court was finished with the case. *See Kowalski v. Boliker*, 893 F.3d 987, 994 (7th Cir. 2018); *see also Ordower v. Feldman*, 826 F.2d 1569, 1572 (7th Cir. 1987).

response to the defense attorneys' motion contained a hand-written note following the signature that stated: "Plaintiff signed and numbered pages thank you."

On November 8, 2018, one week after the deadline to correct the response to the officers' motion, the court struck Marcure's response. The court then dismissed the claims against the officers with prejudice solely because their motion was unopposed. For authority, the court relied on Central District of Illinois Local Rule 7.1(B)(2), which permits the court to consider a motion unopposed and rule on it without further notice to the parties if a response was not filed within 14 days.

On appeal, Marcure contends that the court committed two reversible errors. First, he argues that the court incorrectly interpreted Rule 11(a) as mandatory. Second, Marcure maintains that Rule 12(b)(6) requires courts to address the merits of motions to dismiss and that any local rule to the contrary is invalid under Rule 83(a)(1). The second issue is the subject of a circuit split, and Marcure urges us to adopt the majority approach. While we reject Marcure's interpretation of Rule 11(a), we agree with his reading of Rule 12(b)(6) and reverse and remand on that basis.

## II.

We review legal determinations de novo and applications of Rule 11(a) for abuse of discretion. *Common Cause Ind. v. Lawson*, 937 F.3d 944, 949 (7th Cir. 2020); *see Divane v. Krull Elec. Co., Inc.*, 200 F.3d 1020, 1025 (7th Cir. 1999). Rule 11(a) provides that courts "*must* strike an unsigned paper *unless* the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a) (emphasis added). By its plain terms, Rule 11(a) is mandatory when

triggered—"must" does not mean "may." The text indicates that courts have discretion only when the party corrects its omission promptly, not as a blanket rule.

Marcure's atextual reading of Rule 11(a) relies primarily on dicta from our decision in *Kovilic Construction Company, Inc. v. Missbrenner*, 106 F.3d 768 (7th Cir. 1997). There, we addressed whether the district court properly dismissed a case for counsel's failure to file an appearance and affidavit, as required by local rules. Although the district court referenced Rule 11(a) as one of the bases for dismissal, we observed that this rule was not at issue. The problem was that the plaintiff had failed to file documents at all, not that it had filed unsigned documents. *Id.* at 772. Despite that acknowledgement, we then opined that if Rule 11(a) had been at issue, it would have been inappropriate for the district court to strike any unsigned documents. We relied on precedent for this conclusion, stating that "we have held that documents should be struck only where the failure to sign severely prejudiced the opposing party." *Id.* We added that "the district court made no finding that Kovilic was prejudiced by [the] omissions." *Id.*

From this, Marcure infers that the district court had to make a prejudice finding prior to striking his unsigned document. Unfortunately for Marcure, *Kovilic* is not controlling on this point. As we acknowledged in *Kovilic*, Rule 11(a) was not implicated in that case. Our discussion of the rule was non-binding dicta.[2] Even considering that dicta on the merits, we

---

[2] At the time that we decided *Kovilic*, the 1993 version of the Federal Rules of Civil Procedure applied. Under that version, Rule 11(a) provided in relevant part:

think that *Kovilic* misinterpreted Rule 11(a) and misread our earlier precedent.[3] *Kovilic* relied upon *United States v. Kasuboski*, 834 F.2d 1345 (7th Cir. 1987), for its understanding of Rule 11(a). But *Kasuboski* does not support *Kovilic*'s dicta.

Unlike *Kovilic*, our decision in *Kasuboski* squarely involved Rule 11(a). In *Kasuboski*, the government filed an unsigned document in the district court. It corrected the deficiency three days later, however, and the district court consequently declined to strike it. In affirming the district court, we observed: "In cases such as this, which do not involve the issue of sanctions for filing an unfounded motion, the failure to sign will not cause a motion to be stricken unless the adverse party

---

Every pleading, written motion, and other paper *shall* be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party…. An unsigned paper *shall* be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

Fed. R. Civ. P. 11(a) (1993) (emphasis added). The current version, implemented by the 2007 amendments to the rules, is substantially the same with the primary exception being that "must" has been substituted for "shall." This change was part of the Rules Committee's larger effort—dubbed the Style Project—to synthesize and modernize the rules' terminology. Fed. R. Civ. P. 1, Adv. Comm. Note (2007). One of the global changes made to the rules was the removal of "shall" and replacement of it with synonyms such as "must." *Id.* The Rules Committee clarified in its 2007 Advisory Note that these changes were stylistic, not substantive. *Id.* The Rule 11(a) analysis thus remains the same whether the Court is applying the 1993 version or the current version.

[3] Because this opinion clarifies the Court's precedent by rejecting the dicta in *Kovilic*, it was circulated to all active judges pursuant to Circuit Rule 40(e). No judge voted to hear the case en banc.

has been severely prejudiced or misled by the failure to sign." *Id.* at 1348.

Marcure isolates this sentence to argue that we require courts to conduct a prejudice inquiry before they may strike an unsigned document under Rule 11(a). But that ignores the context of the case. *Kasuboski* involved the exception to Rule 11(a)'s general mandate—cases where the litigant promptly corrects the unsigned filing. In those instances, Rule 11(a) no longer requires that courts "must" strike the document. Our discussion limited how courts exercise their discretion in that narrow circumstance. *Kasuboski* did not, however, endorse a reading of Rule 11(a) that requires a prejudice inquiry prior to striking an *uncorrected* document. Indeed, it says just the opposite: "Rule 11 of the Federal Rules of Civil Procedure provides that an unsigned motion *shall be stricken* 'unless it is signed promptly after the omission is called to the attention of the movant.'" *Id.* (emphasis added). By suggesting otherwise, both Marcure and *Kovilic* overread our caselaw.

As an alternative to his precedential argument, Marcure suggests that reading Rule 11(a) to require that courts exercise discretion to determine whether to strike an unsigned document is consistent with the rule's purpose. Even assuming that this interpretation is consistent with one of Rule 11(a)'s goals, it remains untenable. Marcure's reading of Rule 11(a) ignores the rule's plain text and so fails to persuade us. *Bus. Guides, Inc. v. Chromatic Comm'n Enters., Inc.*, 498 U.S. 533, 540–41 (1991) ("As with a statute, our inquiry is complete if we find the text of the Rule to be clear and unambiguous.").

Marcure's final argument is that, regardless of Rule 11(a)'s meaning, the district court erred in striking his response. He contends that the court gave him insufficient time to correct

his filing and that he did attempt correction. To his first point, Marcure suggests that the six days that the court gave him to correct his response were insufficient considering his recent move, the fact that he received notices from the district court by mail, and the lack of evidence that he checked his mailbox daily. But he cites no authority for his view that, under these circumstances, Rule 11(a) required that the district court grant him more time to correct his response. And the record suggests that Marcure could access the electronic docket entries. He responded to the district court's show-cause order—during a time when the court's mailed notices were being returned as undeliverable—within one week of the order's entry on the electronic docket. There is no evidence to suggest that he did not, or could not, also view the court's docket entry notice of his filing deficiency.

Marcure alternatively insists that his handwritten note, attached to his response to the defense attorneys' motion, shows that he tried to correct his response to the police officers' motion. We do not follow that logic. That note—stating "Plaintiff signed and numbered pages thank you"—was inscribed on an amended response to a different motion, filed more than a month after Marcure filed his response to the officers' motion. And it did not reference the officers' motion or the court's notice of deficiency. Even if we were to construe it as an attempted correction, it is difficult to view this attempt—made weeks after the district court notified Marcure of his deficient response—as a prompt correction. The district court's decision to strike the response was not an abuse of discretion.

For these reasons, the district court did not err in interpreting Rule 11(a) as mandatory or striking Marcure's unsigned response. The text of the rule is clear: Rule 11(a) does not give

courts discretion to overlook a party's failure to correct promptly an unsigned filing, much less require a prejudice inquiry prior to striking such a filing. We decline Marcure's invitation to impart a broader reading than the text of the rule can bear.

## III.

Marcure's Rule 12(b)(6) argument has more merit. Rule 12(b)(6) provides that a party may assert as a defense its opponent's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). While the text does not discuss the burden of proof, every circuit court to address this issue—this Court included—has interpreted Rule 12(b)(6) as requiring the movant to show entitlement to dismissal. *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020) ("It is the defendant's burden to establish the complaint's insufficiency."); *see* Charles Alan Wright & Arthur R. Miller, 5A *Federal Practice and Procedure* § 1357 (3d ed. 2019) ("All federal courts are in agreement that the burden is on the moving party to prove that no legally cognizable claim for relief exists."). The question presented in this appeal is related but distinct: Does a court impermissibly fail to hold the movant to that burden by granting a Rule 12(b)(6) motion on the sole basis that it is unopposed? We agree with the majority approach and hold that it does.

## A.

Although we have not addressed this issue with respect to Rule 12(b)(6), we answered the question in the affirmative in the analogous context of Rule 56 motions for summary judgment. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006). Our reasoning was straightforward: "The ultimate

burden of persuasion remains with [the movant] to show that it is entitled to judgment as a matter of law." *Id.* Put another way, Rule 56 imposes an affirmative obligation on a movant that we cannot ignore merely because a nonmovant provides no responsive arguments. The same logic applies to Rule 12(b)(6).

To be sure, Rule 12(b)(6) differs in that its text, unlike that of Rule 56, does not expressly allocate the burden of proof to the movant. But our judicial interpretation of Rule 12(b)(6) has understood it to do just that. Both rules thus impose the same requirement—movants must prove entitlement to relief. The officers proffer no explanation for why the disposition of unopposed motions under these two rules ought to differ despite that identical requirement.

Our Rule 12(b)(6) caselaw supports that it should not. In *Bolt v. Loy*, we listed "three possible grounds for dismissing a suit because a response" is overdue: (1) the nonmovant's action evinces intent to abandon suit; (2) there is failure to prosecute; or (3) dismissal is a sanction for the nonmovant's inaction. 227 F.3d 854, 856 (7th Cir. 2000). Under any of those grounds, the lack of response alone is insufficient—the district court must construe the lack of response as indicating an intent to abandon suit or as meriting a sanction. *Id.* Here, the district court made no such determination. The only explanation for the court's dismissal of Marcure's claims was the unopposed motion to dismiss.

The majority of circuit courts have made explicit what our precedent implies. Of the eight circuit courts to consider this issue, six have held that courts may not grant Rule 12(b)(6)

motions solely because they are unopposed.[4] The D.C. Circuit takes a middle approach and "reluctantly" permits courts to grant Rule 12(b)(6) motions on this basis—but only if the court does so without prejudice. *Cohen v. Bd. of Trustees of the Univ. of the Dist. of Col.*, 819 F.3d 476, 480 (D.C. Cir. 2016). We see no reason for this distinction. The D.C. Circuit itself expressed doubts about its conclusion but was bound by circuit precedent. *Id.* at 481.

Only the First Circuit has adopted the position urged by the police officers. The Court acknowledged that "the mere fact that a motion to dismiss is unopposed does not relieve the district court of the obligation to examine the complaint itself." *Pomerleau v. W. Springfield Pub. Sch.*, 362 F.3d 143, 145 (1st Cir. 2004). But it held that Rule 12(b)(6)'s requirement could nevertheless be overridden by local rules if "the result does not clearly offend equity." *Id.* We do not find that reasoning persuasive. Neither the First Circuit nor the officers square this logic with Rule 83(a)(1), which provides that local rules "must be consistent with" the Federal Rules of Civil Procedure. Fed. R. Civ. P. 83(a)(1). We thus reject the First Circuit's approach in favor of the majority view, which has the sounder reading of the federal rules and more closely aligns with our own treatment of Rule 12(b)(6).

B.

---

[4] *Giummo v. Olsen*, 701 F. App'x 922, 924–25 (11th Cir. 2017) (per curiam); *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003); *McCall v. Pataki*, 232 F.3d 321, 322–23 (2d Cir. 2000); *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991); *Carver v. Bunch*, 946 F.2d 451, 453–55 (6th Cir. 1991); *Ramsey v. Signal Delivery Serv., Inc.*, 631 F.2d 1210, 1214 (5th Cir. 1980).

In the absence of clear support within our Rule 12(b)(6) caselaw, the officers lean heavily on the local rule cited by the district court. Central District of Illinois Local Rule 7.1(B)(2) provides: "Any party opposing a motion filed pursuant to (B)(1) must file a response to the motion, including a brief statement of the specific points or propositions of law and supporting authorities upon which the responding party re-lies. The response must be filed within 14 days after service of the motion and memorandum. If no response is timely filed, the presiding judge will presume there is no opposition to the motion and rule without further notice to the parties."

We note first that the text of the local rule does not require or expressly authorize courts to *grant* a motion solely because there is no response filed. It requires a response, provides that the court may presume no opposition if there is no response, and permits the court to rule on the motion without addi-tional notice. But courts may rule on an unopposed Rule 12(b)(6) motion by reaching the merits rather than granting it on the basis that it is unopposed. Nothing in the local rule au-thorizes courts to grant motions solely because they are un-opposed, and the rule is not nullified by our rejection of this application of it.

Even if the local rule required the district court's applica-tion of it, we hold pursuant to Rule 83(a)(1) that a local rule cannot abridge a Federal Rule of Civil Procedure. The officers argue that our precedent permits courts to strictly enforce lo-cal rules, even in the face of contrary federal rules. For author-ity, they cite two of our cases addressing this interplay: *Tobel v. City of Hammond* and *Stanciel v. Gramley*.

*Tobel* was an appeal of the denial of a Rule 60(b)(3) motion to vacate judgment, which we affirmed. 94 F.3d 360 (7th Cir.

1996). The officers cite *Tobel* for our observation that "the district court clearly has authority to enforce strictly its Local Rules, even if a default results." *Id.* at 362. While true, however, that statement does not authorize strict enforcement of local rules in a manner that conflicts with federal rules of procedure. Further, we based our decision in *Tobel* on an analysis of the district court's application of Rule 60(b)(3), not its authority under the local rule used to grant the motion that the plaintiffs sought to vacate under Rule 60(b)(3). Nothing about *Tobel* prevents us from adopting Marcure's interpretation of Rule 12(b)(6).

Our discussion in *Stanciel* is more salient. There, the plaintiff responded to a motion to dismiss but did not address all the challenged claims. 267 F.3d 575, 577–78 (7th Cir. 2001). The district court "deemed confessed" the unaddressed claims and dismissed them, relying on the same local rule at issue here. *Id.* We affirmed, explaining that the "decision whether to apply [a local] rule strictly or to overlook any transgression is one left to the district court's discretion." *Id.* at 579. We emphasized that the plaintiff had not shown that the district court abused its discretion in applying the local rule and that any error in dismissal was harmless. *Id.* at 579–80.

*Stanciel* is distinguishable from this case. In contrast to Marcure, Stanciel filed a response that defended only some of the claims challenged by the motion to dismiss, despite the district court's clear warning of the consequences for failure to defend them. Stanciel's choice could be understood as waiver of the claims that he left unaddressed. And the district court seemed to take this view, as it "deemed confessed" the unaddressed claims. More importantly, Stanciel, unlike Marcure, did not raise the issue of the local rule's compatibility

with Rule 12(b)(6). Our holding thus did not address this con-flict. *Stanciel* does not hold that local rules can supersede the directive of Rule 12(b)(6).

## IV.

Our decision today is guided by an overarching principle: "We give the Federal Rules of Civil Procedure their plain meaning." *Bus. Guides, Inc.*, 498 U.S. at 540. For that reason, we hold that Rule 11(a) requires courts to strike unsigned fil-ings that are not corrected promptly and that Rule 12(b)(6) prevents courts from granting unopposed motions solely be-cause there is no response.[5] The district court's dismissal of Marcure's claims against the police officers is reversed, and we remand the case for further proceedings consistent with this opinion.

---

[5] Our holding does not render district courts powerless to dispose of mo-tions to dismiss in the face of inactive plaintiffs. Courts remain free to rule on Rule 12(b)(6) motions even absent a response by looking to the com-plaint itself to determine the sufficiency of the pleadings. They may also dismiss inactive cases for want of prosecution, if appropriate.