**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 19, 2020
Decided April 26, 2021

*Before*

DIANE S. SYKES, *Chief Judge*

DANIEL A. MANION, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-2978

| | |
|---|---|
| BRANNEN MARCURE, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 18-cv-3137 |
| TYLER LYNN, *et al.*, *Defendants-Appellees*. | Sue E. Myerscough, *Judge*. |

**O R D E R**

Brannen Marcure, proceeding pro se, sued a host of defendants—police officers, state prosecutors, his defense attorneys, and others—challenging a search and seizure that led to his arrest and alleging a conspiracy to violate his civil rights by fabricating and concealing evidence. The district court granted the defendants' motions to dismiss. On March 25, 2021, we issued an opinion regarding Marcure's appeal of the dismissal of his claims against the police officer defendants. *Marcure v. Lynn*, 992 F.3d 625 (7th Cir.

2021). We now address Marcure's appeal of the dismissal of his claims against the remaining defendants, and affirm[1].

In his amended complaint (which incorporated several police reports as exhibits, *see* Fed. R. Civ. P. 10(c)), Marcure alleged that, after a car crashed into one parked outside his home, four "assailants" emerged and confronted him. After someone summoned the police based on a "false allegation," officers arrested and searched him and his home without probable cause. Some of the officers, state prosecutors, and his defense attorneys, he says, then conspired to conceal the accident and his mistaken arrest by fabricating evidence and using it in a criminal case against him.

Dan Noll and Adam Giganti, Marcure's defense attorneys, moved to dismiss the complaint against them, arguing that they could not be held liable under 42 U.S.C. § 1983 because they were not acting under color of state law. The state prosecutors, Brian Shaw and John Morse, asserting that they were immune from suit, also moved to dismiss. Marcure filed signed response briefs arguing that his defense attorneys were acting under color of state law as "officers of the court" and that the prosecutors were not immune from suit because their conduct was investigative.

The district court granted the motions to dismiss with prejudice. It concluded that criminal defense attorneys do not generally act under color of state law and that Marcure did not plausibly allege that they conspired to deprive him of his constitutional rights. The district court also agreed that the prosecutors were absolutely immune because withholding evidence and using false evidence were actions "intimately associated with the judicial phase of the criminal process."

Marcure's arguments on appeal lack merit. Relying on *Buckley v. Fitzsimmons*, 509 U.S. 259, 270, 273 (1993), he contends that the district court erred in concluding that the state prosecutors were entitled to immunity for "investigative" acts. But the acts Marcure complained of—concealing evidence and introducing falsified documents in his criminal case—are not investigative.[2]  The conduct allegedly occurred *after* his arrest

---

[1]  We have agreed to decide this aspect of the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. Fed. R. App. P. 34(a)(2)(C).

[2]  Although unmentioned by the appellees, we note that public records indicate that Marcure has not stood trial on, let alone been convicted of, the criminal charges.

and was in connection with his prosecution, including determining what information to include in his charging documents. Accordingly, the state prosecutors are entitled to absolute immunity for these acts. *See Bianchi v. McQueen*, 818 F.3d 309, 318–19 (7th Cir. 2016). By contrast, the relevant conduct in *Buckley* concerned the prosecutors "working hand in hand" with detectives to develop probable cause before an arrest. 509 U.S. at 272–74.

Marcure also argues that he sufficiently alleged that his defense attorneys conspired with the police officers and state's attorneys to violate his constitutional rights. But to the extent Marcure alleged a conspiracy under 42 U.S.C. § 1985(3), nothing in the complaint suggests that the alleged conspirators were motivated by a class-based, discriminatory animus. *See Green v. Benden*, 281 F.3d 661, 665 (7th Cir. 2002). He likewise failed to state a conspiracy claim under 42 U.S.C. § 1983 because he has not plausibly alleged that his defense attorneys—whom he hired months after his arrest—agreed with the police officers and prosecutors to perpetrate the unconstitutional arrest and prosecution that he alleges. *See Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (affirming dismissal where allegations of conspiracy were "too vague").

We therefore AFFIRM the dismissal of defendants Dan Noll, Adam Giganti, Brian Shaw, and John Morse.

---

We question whether he has any claim under § 1983 against the prosecutors where his only alleged liberty deprivation stems from his initial arrest. *See Manuel v. City of Joliet*, 903 F.3d 667, 669–70 (7th Cir. 2018). And without a conviction, he cannot make out an evidence fabrication-based due process violation. *See Saunders-El v. Rohde*, 778 F.3d 556, 560–61 (7th Cir. 2015).